WALLACE *v*. STATE.*

(Division B. Jan. 23, 1928.)

[115 So. 342. No. 26520.]

CRIMINAL LAW. *Appeal bond may be amended after six months from taking appeal, to correct bona-fide omission of condition to pay costs (Hemingway's Code 1927, section 37).*

Under section 37, Hemingway's 1927 Code (section 62, Code of 1906), an appeal bond to stay the judgment appealed from must be conditioned to pay the costs accrued and likely to accrue; but where the person procures a blank bond from an officer, which does not contain the condition required by the person giving the bond, and the officer acts upon the bond, the officer approving the bond and the person getting the benefit of it both

acting in good faith, such bond may be amended after the expiration of six months from the taking of the appeal, so as to make it conform to law. *Denton* v. *Denton*, 77 Miss. 375, 27 So. 383, cited.

*Corpus Juris-Cyc. References: Criminal Law, 17CJ, p. 103, n. 68 New; Probable cause as justification for officer making arrest without a warrant, see annotation in 51 L. R. A. 225; L. R. A. 1915B, 506; 2 R. C. L. 450; 1 R. C. L. Supp. 543; 4 R. C. L. Supp. 111; 5 R. C. L. Supp. 98; 6 R. C. L. Supp. 95.

APPEAL from circuit court of Itawamba county.
HON. ———— ————, Judge.
Ed Wallace appeals. On motion to reinstate the appeal, which had been dismissed. Motion sustained.

*I. L. Sheffield,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

ETHRIDGE, P. J., delivered the opinion of the court.

The appeal in this case was dismissed on the 14th day of November, and a motion is made to reinstate the cause. It appears that the appellant executed a bond intended to operate as an appeal bond. He secured a bond blank from an officer, which bond was marked "appeal bond;" but it did not provide for the payment of the costs as a part of its conditions. It was merely conditioned for the appearance of the accused, and his surrender if the judgment was affirmed.

Section 37, Hemingway's Code 1927, requires bond, payable to the state, in criminal cases, in order to stay the judgment or sentence appealed from, in double the estimated amount of costs accrued and likely to accrue in the case, and conditioned to pay all costs in case the judgment be affirmed. It is further provided in the section that, if the appellant shall make affidavit that he is

unable to give an appeal bond and unable to deposit a sufficient sum of money to cover costs he shall have an appeal without bond or deposit for costs, and his appeal shall stay the judgment appealed from. It appears that the officer approved the bond, and the record was sent up. Assignments of error were filed, but, as stated, the appeal was dismissed. More than six months elapsed after the judgment was rendered, before the motion to dismiss was made.

When the motion to dismiss was made, the defendant filed a bond for costs, and had the circuit clerk notify the supreme court clerk and transmit to him. The motion to reinstate was resisted on the ground that the statute requires bond to be given and appeal to be taken within six months; that it was the duty of the defendant to give bond in accordance with the statute, and his failure to do so could not be cured by subsequently giving bond. In *Denton* v. *Denton,* 77 Miss. 375, 27 So. 383, a bond on appeal from a justice of the peace's court in a less penalty than the minimum required by law was held to be not void, but could be amended.

In the case before us we think there was an effort in good faith to appeal, and that the defendant thought he was giving the necessary bond. It is true that litigants must be assumed to know the law; but we think the principle announced in the Denton case is applicable to this case, and is controlling, and that the appeal bond may be amended so as to conform to the statute. The right of appeal, we think, should not be taken away for a mere mistake of the party in giving bond, and where the bond has been duly approved by an officer authorized to approve it.

The motion will be sustained, upon condition that the appeal bond be amended, so as to conform to the statute, within ten days from the rendition of the judgment reinstating the cause.

*Sustained.*

PACK, J., took no part in this decision.