SABOUGLA DRAINAGE DIST. NO. 2 OF CALHOUN AND WEBSTER COUNTIES *v.* PEOPLE'S BANK & TRUST CO. OF TUPELO.

(In Banc. March 24, 1941.)

[1 So. (2d) 219. No. 34582.]

**C. R. Bolton**, of Tupelo, for appellee, on motion to dismiss.

**W. J. Evans,** of Calhoun City, and **W. I. Stone,** of Coffeeville, for appellant, on motion to dismiss.

W. I. **Stone** and W. **J. Evans,** for appellant, on merits.

**C. R. Bolton,** for appellee, on merits.

**Roberds, J.,** delivered the opinion of the court on motion.

Appellee moves to dismiss this appeal on the grounds (1) that appellant has not executed an appeal bond, and (2) inexcusable delay in filing the transcript in this court. Appellants resist the motion on the grounds, first, that appellant is not required, under the law, to execute an appeal bond; and, second, the delay in filing the transcript is excusable for the reasons hereinafter set out.

The question of whether a drainage district is exempt from the general requirement to execute bond on an appeal to this Court is presented to us for the first time.

Sections 28 and 29, Code of 1930, require bonds, and prescribe the terms thereof, in appeals, with and without supersedeas.

Chapter 356, Laws of Mississippi 1938, reads as follows:

"Section 1. Be it enacted by the Legislature of the State of Mississippi, That section 76, Mississippi code of 1930, be and the same is hereby amended to read as follows, to-wit:

" 'The state, and any county, city, town or village thereof, and the officials representing the state, county, city, town or village, in any suit or action, and any state, county, city, town or village officer who is a party to any suit or action in his official character, in which suit or action the state, county, city, town or village is beneficially interested, and the several incorporated charitable or educational institutions established and maintained by the state, and all corporate instrumentalities wholly owned by the United States government shall be entitled to appeal from a judgment, decree, decision, or order of any court or judge, from which an appeal may be taken, without giving an appeal-bond; and in such case, if an appeal-bond would operate as a supersedeas in favor of a private person, the appeal, without bond, shall have the same effect in the cases herein provided for; and this provision shall apply to all the courts of the state.' "

There appears to be no exception, other than this, applicable to the case at bar, to the general requirement for the giving of bond as a prerequisite to appeals to this Court in civil cases. It will be noted that drainage districts are not named in the foregoing exceptions. They are not within the definition or meaning of those specified. It is true that this Court held in Standard Oil Co. v. National Surety Co., 143 Miss. 841, 107 So. 559, that a drainage district is a political subdivision of the state; but that case dealt with a statute requiring, "That any person entering into a formal contract with this state, any county thereof, municipality therein, or any political subdivision whatsoever therein . . ." should execute a bond conditioned as the statute requires.

We are not here considering a department, division, branch, instrumentality, or integral part, of the state,

county or municipal governments, or the agents or officers thereof, in their official capacities.

A drainage district is a separate, distinct legal entity; with power to sue and be sued as such in its corporate name (section 4450, Code of 1930), and is not excepted from the necessity of giving bond for appeal to this Court.

But under section 3375, Code of 1930, as construed in Hudson, Ex'r, et al. v. Gray, 58 Miss. 589; State v. Coahoma Co., 64 Miss. 358, 1 So. 501; and Cleveland State Bank v. Cotton Exchange Bank, 118 Miss. 768, 79 So. 810, it is within the power and discretion of this Court, in such cases, to permit bond to be executed on such terms and conditions as the Court may deem proper.

On the second point, section 2323, Code of 1930, requires appeals to be taken within six months after rendition of decree or judgment from which the appeal is taken. The decree in this case was rendered May 20, 1940, which decree granted the appeal, and also a petition for appeal was filed November 1, 1940, reciting that the district was not required to execute bond. It appears from the record that the clerk and the official stenographer from time to time had conferences with counsel on both sides on what the record should contain, and received suggestions from both as to its contents; and that counsel for the movant, in the latter part of January, 1941, after examining the transcript of the evidence, requested the clerk not to forward the record to this Court until he could get the reporter to make some corrections therein. The record was filed here February 20, 1941. The return day of the appeal was the first Monday in January. It therefore appears that there was an effort in good faith to perfect the appeal, and no intentional delay by the clerk or counsel for appellant in having the record filed with the clerk of this Court, and there has been only a short delay in filing it, with no damage or prejudice to movant. Section 3382, Code of 1930, vests this Court with discretion in such circumstances.

This case differs materially from Johnson v. Missis-

sippi Power Co., 189 Miss. 67, 196 So. 642. There the appeal was from a judgment in the Circuit Court, and the only thing done within six months of the date of the judgment was the giving of notice of a desire to take an appeal. No bond was attempted to be filed, and no summons was issued on the appeal within the six months, and there was no question but that appellant was required to give bond. Here the appeal was granted by the Chancery Court in the same decree from which the appeal was taken; this was followed by a petition for appeal, and on November 1, 1940, counsel for appellee waived the issuance of summons on the appeal; and it is common knowledge that heretofore appeals by drainage districts have been had without appeal bonds, the right to do so not having been challenged until now.

It is the earnest desire of this Court to have cases heard upon their merits, exacting, nevertheless, diligence and compliance with the law on the part of litigants. Each case, where we are permitted to use discretion, must be controlled by its own facts.

Permission is given appellant to file here, within ten days, proper appeal bond, approved by the clerk below; failing in which, this appeal will stand dismissed.

Overruled, with leave to file bond within ten days.

### On the Merits.

**Anderson, J.**, delivered the opinion of the court on the merits.

The appellee, The People's Bank & Trust Co., filed its bill in the chancery court of Calhoun County against appellant, Sabougla Drainage District No. 2, to recover the balance of the principal due it on bonds of the district held by it, being the sum of $2,445.74, and interest thereon from the maturity of the bonds as well as interest on the unpaid interest coupons. The cause was heard on original bill, amendments thereto, and exhibits, answer of the drainage district, exhibits thereto, and oral testimony, resulting in a decree for the principal of the bonds but

denying interest on the principal and unpaid interest coupons. From that decree the bank appealed to this Court. After the rendition of the decree and before the appeal was passed on, the drainage district paid into the chancery court the principal sum involved, $2,445.74, without interest, either on principal or interest coupons. In the decree of the chancery court the payment into court was referred to in this language: ''Thereupon the Sabougla Drainage District No. 2 of Calhoun and Webster Counties, Mississippi, paid into Court as due the Complainant or Petitioner as holder of past due bonds and coupons of said District the sum of $2445.74, being the unpaid balances due on the principal amount of said bonds and coupons, the said sum so paid into Court to be held for the payment of the balance of principal due on said bonds and coupons held by The People's Bank & Trust Company, and it appearing to the Court that said sum of $2445.74 is the balance due by the said Drainage District on the bonds and coupons held by the Complainant or Petitioner, it is therefore ordered that The People's Bank & Trust Company of Tupelo, Mississippi, do have and recover the sum of $2445.74, which is paid into Court and held by the Clerk thereof, for the balance due on the bonds and coupons held by it and which are set out in the supplemental petition and amendments thereto, upon the surrender thereof to the Clerk, and that the Petitioner or Complainant . . . have and recover nothing for the interest claimed to have accrued on said bonds and coupons as set out in said petition and claim.''

The Supreme Court reversed the decree. See the case under the same style, 186 Miss. 539, 191 So. 93, 824. The syllabus to the case shows what the Court decided. It is in this language: ''Interest is recoverable on bonds and interest coupons of a drainage district after maturity and until paid.'' When the cause went back to the chancery court, the main question involved and decided by that court was whether the payment by the drainage district of the principal of the bonds into court without

interest stopped interest thereafter on both unpaid principal and unpaid interest coupons. The court held that it did not, and we think correctly. The recitals in the decree having to do with the question copied above simply mean that the drainage district paid the amount into court as a tender of all that it claimed was due. In other words, it was a tender in full of both principal and interest upon condition of its acceptance by the bank as such. The bank declined to accept the tender and prosecuted an appeal from the decree with the result as shown above. No authority directly in point is referred to in the briefs. We think the same principle would control as would if the parties were individuals and the tender made in person instead of being paid into Court. To illustrate: B owes A $1,000. A claims that the debt bears interest. B for certain reasons claims that it does not. B tenders A $1,000 in full of the entire liability. A declines to accept it and sues B for the debt with interest. Was A entitled to recover interest on the note notwithstanding the tender? We think so. What is the difference between a tender in court to an adversary and a tender in person. We think there is none.

The bonds and interest coupons were payable at the Capital National Bank in Jackson. The evidence showed that the bank never presented its bonds and coupons for payment at that bank. The drainage district argues that for that reason it was relieved from liability for interest. There is no merit in that contention under the facts. The evidence showed without dispute that it would have been a fruitless thing to have presented them at that bank. The district had no funds in that bank to its credit, and in addition was denying liability to the extent claimed by the bank for the accrued interest on the principal of the bonds and interest coupons. The other questions in the case raised by the drainage district are not of sufficient merit to require discussion.

The bank claimed it was entitled to something less than $100 for unpaid interest on surrendered coupons. The

court denied the liability of the district for that. The bank prosecuted a cross-appeal from that part of the decree. We are of the opinion the court was right, and, further, that a discussion of the question in this opinion would be of little, if any, value to the bench and bar.

Affirmed.