OSWALT *v.* AUSTIN *et al.*

(In Banc.  March 23, 1942.)

[6 So. (2d) 924.  No. 34910.]

**Lester G. Fant**, of Holly Springs, for appellant.

**Dulaney & Bell**, of Tunica, for appellees.

Argued orally by **Lester G. Fant**, for appellant, and by **J. W. Bell, Jr.**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellees have filed a motion to dismiss this appeal. The facts bearing thereon are in substance as follows:

The appellant, as the administrator of the estate of a decedent, filed a bill of complaint against the appellees. The case was taken under advisement by the court below for a decree in vacation, and a decree dismissing the bill was rendered on the 14th day of December, 1940. No petition for an appeal was filed with the clerk of the court below and no bond therefor was given. The record was filed in this court on November 18, 1941. No bond for an appeal is required of an executor or administrator. Section 75, Code 1930. While a petition in writing for an appeal to this court filed with the clerk of the trial court is one method of obtaining an appeal, such a petition is not necessary to the validity thereof; and where no appeal bond is given or required, the appeal is considered to have been taken when, but not until, the transcript of the record in the case is filed with the clerk of the Supreme Court. Sections 20 and 26, Code 1930. Had this appellant filed a written petition for the appeal with the clerk of the court below, or had the record been filed in this court within six months during which an appeal can be taken under Section 2323, Code 1930, that statute would have been complied with; but the failure here to do either has resulted in the appeal being barred by

limitation before the record was filed in this court, consequently the motion to dismiss must be sustained. Miller v. Phipps, 152 Miss. 437, 119 So. 170.

The appellant's answer to the motion is, in substance, that he notified the stenographer of the court below to file a transcript of the evidence and paid him his charges therefor, which was all that he had to do to perfect the appeal, and that the delay in the filing of the record in this court should be charged not to him, but to the clerk of the court below. The clerk of the court below was negligent, but that fact does not confer jurisdiction on this court. The appellant could have saved the situation when the record became overdue in this court, which it did quite a while before it was filed, by applying for a writ of certiorari directing the clerk to file it.

Appeal dismissed.