ON MOTION TO DISMISS APPEAL FOR WANT OF PROSECUTION TO PERFECT APPEAL WITHIN TIME-FRAME ALLOWED THEREFOR
En Banc.
WALKER, Justice,
for the Court.
This is a motion to dismiss an appeal for failure to perfect the appeal within the time allowed by statute.
The final decree in this action was filed in the Chancery Court of Jasper County on July 27, 1978. On August 2, 1978, appellant’s attorney filed a notice to the court reporter to transcribe the record for appeal. On August 8,1978 an appeal bond was filed in the Chancery Court of Jasper County. The next entry in the record is the clerk’s cost bill which is dated October 3,1978. On October 3, 1978 appellant paid the clerk bill plus a $50.00 filing fee.
*451 The present issue arises due to the recent change of statutory law.[1] Under the old appeals statute, the filing of the bond would have been sufficient to perfect the appeal, Mississippi Code Annotated section 11-51-25 (1972), and therefore the appeal would have been timely perfected under the forty-five-day requirement of Mississippi Code Annotated section 11-51-5 (Supp. 1978).
However, under the new code sections, while the forty-five-day time limit remains the same, an appeal is perfected by prepaying the court costs and a $50.00 filing fee.
Mississippi Code Annotated section 11-51-29 (Supp. 1978) requires:
On appeals from decrees overruling demurrers or other interlocutory orders or decrees, or where the appeal is granted to settle the principles of the case, or on appeals from final judgments of a circuit court in civil cases, or from final decrees of a chancery court including cases where the circuit court or chancery court has acted as an appellate court, the appellant shall prepay all of the costs in the lower court including the cost of the preparation of the record of the proceedings in the trial court, and fee prescribed in section 25-7-3, to the clerk of the court from which the appeal is taken.
Other sections which have been amended also carry the requirement that costs be prepaid in order to perfect the appeal. Mississippi Code Annotated section 11-51-25 (Supp. 1978) specifies:
A written petition for an appeal shall not be necessary to its validity, but filing in the office of the clerk of the supreme court a transcript of the record of the case in which the appeal is taken shall confer jurisdiction on the supreme court to try and dispose of the case. Where there is no petition for the appeal, it shall be considered to have been taken when the costs in the lower court and the fee required by section 25-7-8 were paid to the clerk of the lower court or from the time of filing the transcript of record in the office of the clerk of the supreme court. (Emphasis added).
Thus, it appears that the legislative intent was to require prepayment of costs as the means to perfect an appeal. Since appellant did not prepay costs until October 3, 1978, the appeal was not perfected within the required forty-five days from final judgment.
We have held, under prior law, that failure to timely perfect the appeal by filing the required bond deprives this Court of jurisdiction and the appeal must be dismissed. Kennedy v. Gervais, 345 So.2d 1039 (Miss.1977). We reassert that principle and hold that failure to timely perfect the appeal, which under the new law requires prepayment of costs and fees, is also jurisdictional and requires dismissal of the appeal.
However, we hold that under the unique factual circumstances of this case, e. g., (1) where the new statute had gone into effect shortly before final judgment was rendered; (2) where the appellant had made a good faith effort to timely perfect the appeal under the old method; and (3) where appellant was not timely presented with a bill of costs as required by the new statutes but prepaid the cost bill as soon as presented; there were sufficient acts to demonstrate a good faith effort to perfect *452 the appeal and we will not dismiss. See Sabougla Drainage Dist. v. People’s Bank & Trust Co., 191 Miss. 331, 1 So.2d 219 (1941); Wallace v. State, 149 Miss. 198, 115 So. 342 (1928).
We note, however, the requirements of Mississippi Code Annotated section 11-51-61 (Supp. 1978):
The clerk of the trial court shall, within five (5) days of the rendering of a final judgment or a final decree, compile, certify and record in the official file of the case a complete cost bill, including all of the costs in the trial court. This shall include an estimate of the cost of the preparation and transcription of the proceedings in the trial court, furnished by the court reporter. If the actual cost exceeds the estimate the appellant shall pay the balance before the record is filed; if the estimate of cost exceeds the actual cost the excess shall be refunded to appellant at the time the record is filed.
When the appellant shall have complied with the law applicable to his appeal, the clerk of the court from which the appeal is taken shall immediately make and certify a transcript of the record of the case, and transmit it and the paid cost bill including the supreme court filing fee, and any bond taken except the bail bond in cases of misdemeanor, to the clerk of the supreme court; and in all civil cases, where the appeal is not perfected during the term of the court at which the judgment or decree complained of is rendered, he shall issue a summons to the opposite party to appear and answer the appeal in the supreme court. A copy of the cost bill and any bond taken shall be kept by the clerk as a part of the record of the case, and judgment may be rendered by the supreme court against the obligors in the bond without notice, or the representatives of any who have died after due notice. In cases remanded to the court below to ascertain the amount recoverable on any such bond, the copy kept in the clerk’s office shall be admissible in evidence, or the original may be obtained from the clerk of the supreme court for use in the court below.
We also hold that in future cases, if the clerk of the trial court fails to satisfy the statutory requirements as to the bill of costs, the attorney of record desiring an appeal must make a motion in writing to the trial judge, within the allotted forty-five days, compelling production of the cost bill from the trial court clerk. Absent such a written motion within the time for appeal, the appeal must be dismissed for lack of jurisdiction. See Oswalt v. Austin, 192 Miss. 653, 6 So.2d 924 (1942).
MOTION TO DISMISS APPEAL FOR WANT OF PROSECUTION TO PERFECT AN APPEAL WITHIN TIME-FRAME ALLOWED THEREFOR OVERRULED.
SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
PATTERSON, C. J., took no part.

. Numerous statutes concerning appeals procedure were amended by House Bill No. 767 which became effective July 1, 1978. The act is entitled: “AN ACT to amend Sections 11-1-21, 11-3-5, 11-3-23, 11-3-33, 11-3-41, 11-3-43, 11-3-15, 11-27-29, 11-27-37, 11-51-7, 11-51-11, 11-51-15, 11-51-21, 11-51-25, 11-51-27, 11-51-29, 11-51-31, 11-51-33, 11-51-35, 11-51-37, 11-51-39, 11-51-45, 11-51-47, 11-51-51, 11-51-53, 11-51-61, 11-51-69, 11-51-71, 11-51-73, 11-51-99, 11-51-105, 11-51-107, 11-51-109, 13-3-121, 25-7-3, 99-35-105, 99-35-107, 99-35-109 and 99-35-121, Mississippi Code of 1972, to provide that the prepayment of lower court costs and a fee of $50.00 to the clerk of the lower court be required for perfecting an appeal to the Supreme Court; to repeal Sections 11-3-29 and 11-51-113, Mississippi Code of 1972, which provides for the posting of bond to secure the costs of appeal; and for related purposes.” (1978 Mississippi Laws, Chapter 335).