SUGG, Justice, for the Court.
ON MOTION TO DISMISS APPEAL
The Circuit Court of Smith County entered a judgment against appellants in favor of appellee for $250,000 which was filed on May 5, 1979. The last post trial motion was overruled on July 12, 1979, and on that date, appellants filed a petition for appeal in which they requested the clerk to mark the petition filed “and act otherwise in accord with section 11-51-15 Mississippi Code Annotated (Supp.1978) and other applicable statutes.” Appellants filed an appeal bond with supersedeas in the amount of $312,500. The Circuit Clerk of Smith County approved the bond and granted the appeal on July 12, 1979 as authorized by section 11-51-51 Mississippi Code Annotated (Supp. 1978).
The clerk filed his certificate of the estimated cost of appeal on September 13,1979. Appellants’ attorneys paid the cost with three checks as follows:
September 4, 1979 - Estimated Appeal Cost - $600.00
September 10, 1979 - Estimated Appeal Cost - $300.00
September 18, 1979 - Balance of Appeal Cost - $112.05 Total .$1,012.05
After the record was filed in this Court on October 30, 1979, appellee filed a motion to dismiss the appeal for failure of appellants to take an appeal within 45 days after July 12, 1979, as required by section 11-51-5 Mississippi Code Annotated (Supp. 1978). Appellee contends appellants were required to prepay the costs of the lower court and pay the filing fee of $50.00 required by section 25-7-3 Mississippi Code Annotated (Supp.1978) within 45 days next after the judgment appealed from.
At the outset, we note there are three ways to take an appeal to this Court. (1) Where there is no petition for appeal, by prepaying the costs in the lower court and the fee required by section 25-7-3. (2) Where there is no petition for appeal, filing in the office of the clerk of this Court a transcript of the record of the case in which the appeal is taken. (3) By petition for appeal. Section 11-51-15 Mississippi Code Annotated (Supp.1978). Regardless of the method used to appeal to this Court, the *1033 appeal must be taken within 45 days[1] next after rendition of the judgment or decree complained of except in cases involving persons under a disability of infancy or unsoundness of mind. Section 11-51-5. The question in each case is, when was the appeal taken?
Section 11-51-29 Mississippi Code Annotated (Supp.1978) provides that appellant shall prepay all appeal costs, but does not provide the time for prepayment of costs. The time for prepayment of costs in an appeal from a final judgment under (1) and (2) above is governed by section 11-51-25 Mississippi Code Annotated (Supp.1978) which follows:
A written petition for an appeal shall not be necessary to its validity, but filing in the office of the clerk of the supreme court a transcript of the record of the case in which the appeal is taken shall confer jurisdiction on the supreme court to try and dispose of the case. Where there is no petition for the appeal, it shall be considered to have been taken when the costs in the lower court and the fee required by section 25-7-3 were paid to the clerk of the lower court or from the time of filing the transcript of record in the office of the clerk of the supreme court.
Where there is no petition for an appeal, the appeal shall be considered to have been taken when the costs in the lower court and the fee required by section 25-7-3 is paid; therefore, if an appeal is taken by this method, the time of prepayment of costs is the time the appeal is taken. Allgood v. Allgood, 367 So.2d 450 (Miss.1979).
Where there is no petition for appeal, an appeal may be taken by filing the transcript of the record in the office of the clerk of this Court. In such case, the time the record is filed in the office of the clerk of this Court is the time the appeal is taken. Under this method the costs would have been paid within 45 days of the judgment because section 11-51-61 requires payment of costs before the transcript can be filed in this Court.
In this case the appeal was taken by filing a petition for appeal under sections 11-51-15 and 11-51-51, which follow:

Section 11-51-15

The petition for appeal need only state the rendition of the judgment or decree to be appealed from, and ask for an appeal. Such petition shall be marked by the clerk “filed,” and shall be dated and the marking filed shall be signed by him. The clerk shall copy said petition, with the endorsements on it, in the transcript of the record to be made by him. The time of presenting such petition for an appeal shall be considered the time of taking the appeal, if costs be then paid as required.

Section 11-51-51

In all cases, except appeals from decrees overruling demurrers in chancery and appeals from interlocutory decrees in chancery, appeals to the supreme court may be granted by the clerk of the court from which such appeals can be taken, and in which the judgment or decree was rendered. In all cases not otherwise provided, the clerk shall approve the superse-deas bond.
We are of the opinion that the provision, “if costs be then paid as required” refers to section 11-51-61 Mississippi Code Annotated (Supp.1978)[2] rather than section 11-51-25.
*1034 We reach this conclusion for two reasons. First, we note the difference in the provisions of section 11-51-15 and section 11-51-7, which governs appeals from interlocutory orders or decrees of the chancery court. Section 11-51-7 provides that, “such appeal must be applied for and costs paid within thirty (30) days after the order or decree appealed from is filed . . . ” If the legislature had intended for the costs of appeals from final judgments to be paid within 45 days of the date of the judgment appealed from, in cases where the appeal is by petition for appeal, such intention would have been stated as clearly as was stated in section 11-51-7. Section 11-51-61 does not require payment of costs within 45 days of the date of the final judgment appealed from but directs the clerk to record in the official file of the case an estimate of the appeal costs, and if the actual costs exceeds the estimate, appellant is required to pay the balance before the record is filed. In this case, the clerk failed to prepare the cost bill as required by this section although the petition for appeal requested the clerk to act “in accordance with the applicable statutes.” We therefore conclude that in cases where petition for appeal is filed and granted by the clerk of the trial court, the appeal is taken when the petition is filed. Of course, appellant must pay the costs “as then required,” which means after the estimate of costs is prepared by the clerk and before the record is filed in this Court.
Second, we are of the opinion this construction is mandated by section 11-3-5 Mississippi Code Annotated (Supp.1978) which follows:
An appeal to the supreme court shall not be dismissed for want of jurisdiction because of a defect in the application for appeal, or in the bond, or because an insufficient amount was paid to prepay the costs or because of any failure by an officer to comply with the requirements of law in reference to appeals; but all defects and irregularities may be cured by amendment so as to perfect the appeal and obtain the judgment of the supreme court in the case; but the court may dismiss an appeal for a failure of the appellant to do, within a reasonable time, what may be necessary to perfect his appeal.
We stated in Jones v. Welford, 208 So.2d 196 (Miss.1968) that this statute is broad in its terms and is not restricted to trivial defects and irregularities. The statute announces the public policy to hear appeals on the merits despite procedural defects. The clerk of the trial court failed to prepare the estimate of the cost of appeal within 5 days as required by section 11 — 51— 61. Section 11-3-5 provides that an appeal to this Court shall not be dismissed for want of jurisdiction because an insufficient amount was paid to prepay the costs or because of any failure by an officer to comply with the • requirements of law in reference to appeals. In this case $900 of the appeal cost was paid before the clerk filed his estimate of costs and the balance of $112.05 was promptly paid upon filing of the estimate.
Allgood, supra, is not authority to the contrary because the appeal in Allgood was not by petition for appeal but was taken by prepayment of costs. Although the costs in *1035 Allgood were not paid within 45 days, we permitted the appeal under the unique factual circumstances of the case because (1) the new statutes had gone into effect shortly before final judgment was rendered, (2) the appellant had made a good faith effort to timely perfect the appeal under the old method, and (3) appellant was not timely presented with a bill of costs. We held there were sufficient acts to demonstrate a good faith effort to perfect the appeal and refused to dismiss, citing Sabougla Drainage District v. Peoples Bank and Trust Co., 191 Miss. 331, 1 So.2d 219 (1941); Wallace v. State, 149 Miss. 198, 115 So. 342 (1928).
In this case appellants complied with the statutes, made a good faith effort to perfect their appeal and should not have their appeal dismissed for want of jurisdiction simply because the clerk failed to comply with the requirements of law.
MOTION OVERRULED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE and COFER, JJ., concur.
BOWLING, J., takes no part.

. Appeals from an interlocutory order or decree from chancery court must be applied for and costs paid within 30 days after the order or decree appealed from is filed in the proper office whether the decision be in term time or in vacation. Section 11-51-7 Mississippi Code Annotated (Supp.1978).

. The clerk of the trial court shall, within five (5) days of the rendering of a final judgment or a final decree, compile, certify and record in the official file of the case a complete cost bill, including all of the costs in the trial court. This shall include an estimate of the cost of the preparation and transcription of the proceedings in the trial court, furnished by the court reporter. If the actual cost exceeds the estimate the appellant shall pay the balance before the record is filed; if the estimate of costs exceeds the actual cost the excess shall be *1034 refunded to appellant at the time the record is filed.
When the appellant shall have complied with the law applicable to his appeal, the clerk of the court from which the appeal is taken shall immediately make and certify a transcript of the record of the case, and transmit it and the paid cost bill including the supreme court filing fee, and any bond taken except the bail bond in cases of misdemeanor, to the clerk of the supreme court; and in all civil cases, where the appeal is not perfected during the term of the court at which the judgment or decree complained of is rendered, he shall issue a summons to the opposite party to appear and answer the appeal in the supreme court. A copy of the cost bill and any bond taken shall be kept by the clerk as a part of the record of the case, and judgment may be rendered by the supreme court against the obligors in the bond without notice, or the representatives of any who have died after due notice. In cases remanded to the court below to ascertain the amount recoverable on any such bond, the copy kept in the clerk’s office shall be admissible in evidence, or the original may be obtained from the clerk of the supreme court for use in the court below.