ON MOTION TO DOCKET AND DISMISS APPEAL
PRATHER, Justice,
for the court:
The appellants, Mrs. Diamond Garrett, Mrs. Leora Davis, and Mrs. Geneva Thompson, filed a lawsuit against several doctors and other medical personnel in order to recover damages for the alleged wrongful death of a relative. In the trial held before the Circuit Court of the First Judicial District of Hinds County, the trial judge directed a verdict in favor of the appellees. The appellees now contend that the appellants’ appeal must be dismissed for failure to timely pay the costs of appeal and for failure to give timely notice to the court reporter to transcribe her notes of the trial. We sustain the motion to dismiss.
I.
This case could easily be characterized as one of unnecessary delay from its inception. It began on April 3, 1975, and finally proceeded to trial on September 15, 1981, in spite of appellees’ motion to dismiss it as a stale case on June 8, 1981. The last post-trial motion was overruled on October 16, 1981, and forty days later, on November 25, 1981, the appellants filed their petition to appeal with the circuit clerk. On January 20, 1982, the circuit clerk filed his estimate of the court costs necessary for appeal, but there was no immediate action taken by the appellants to prepay those costs or to give notice to the court reporter to transcribe the record.
In an effort to bring the case to a conclusion, the appellees filed a motion in the lower court to strike the appellants’ petition to appeal on March 2, 1982. The lower court judge considered this motion and found that the appellants had not paid the appeal costs nor noticed the court reporter.[1] Nonetheless, the order granted further time to the appellants, up to and including Monday, March 15, 1982, to meet those requirements.[2] Finally, estimated costs were paid, and the reporter filed her transcript, as well as a statement of the balance due, with the circuit clerk on September 3, 1982.
Upon payment of the balance of court costs on December 10, 1982, the record was then filed with this Court on December 13, 1982. Subsequently, on December 21, 1982, the appellees filed their present motion to docket and dismiss, or in the alternative, to strike the transcript.
II.
One issue presented for consideration is whether the costs of appeal were timely paid by the appellants. In this case, the appellants chose to pursue their appeal by filing a petition with the circuit clerk. See Miss.Code Ann. § 11-51-15 (Supp.1982) (technical requirements of the petition) and § 11-51-51 (Supp.1982) (appeals may be granted through petition by clerk of lower court). Under this method of appeal, the appeal must be perfected within forty-five days after rendition of the final judgment. Miss.Code Ann. § 11-51-5 (Supp.1982).
*139 In Dixieland Food Stores, Inc. v. Kelly’s Big Star, 384 So.2d 1031 (Miss.1980), we considered the jurisdictional steps necessary for perfecting an appeal by petition to a circuit clerk. Our opinion stated:
We therefore conclude that in cases where petition for appeal is filed and granted by the clerk of the trial court, the appeal is taken when the petition is filed. Of course, appellant must pay the costs “as then required,” which means after the estimate of costs is prepared by the clerk and before the record is filed in this Court. [Emphasis added]. [Id. at 1034],
This quoted language provides that the filing of the petition with the circuit clerk is the only jurisdictional step which must be completed within the forty-five day period to perfect an appeal by this procedure.
In the case under consideration, the appellants did file their petition within the required forty-five day period. However, there is a procedural[3] requirement imposed by Dixieland which directs the appellant to pay the cost of appeal after the estimate has been prepared by the clerk. In our opinion, the appellant failed to make a reasonable effort to comply with thi$ procedural requirement. Miss.Code Ann. § 11-3-5 (Supp.1982).
Under the normal procedure, the trial court clerk should complete his estimate of costs within five days from the rendition of the final judgment. Miss.Code Ann. § 11-51-61 (Supp.1982). The delay in this case, however, was ninety-six days. (October 16 — January 20). In previous cases, when a clerk has failed to perform his statutory responsibilities, we placed an affirmative burden[4] on the appellant to pursue motions to compel compliance. See, e.g. Oswalt v. Austin, 192 Miss. 653, 6 So.2d 924 (1942) (appellant should apply for a writ of certiorari to direct clerk to file overdue transcript); Miller v. Phipps, 152 Miss. 437, 119 So. 170 (1928) (appellant, after case has been perfected, has duty of promptly taking necessary steps to compel filing of trial record with appellate court).
One of our more recent cases, Allgood v. Allgood, 367 So.2d 450 (Miss.1979), addressed this affirmative burden in the context of a clerk’s failure to timely produce a cost bill. The opinion states:
We also hold that in future cases, if the clerk of the trial court fails to satisfy the statutory requirements as to the bill of costs, the attorney of record desiring an appeal must make a motion in writing to the trial judge, ... compelling production of the cost bill from the trial clerk. [Id. at 452].
Although the payment of costs was a necessary step to perfect the appeal under the procedure discussed in Allgood, we think the same procedure should be followed when payment of costs is a procedural step also. In this case, the appellants never made any effort to compel production of the cost bill. This factor alone warrants dismissal of the appeal.
But, there is another factor involved in the appellants’ dilatory efforts to appeal. Payment of estimated costs came fifty-four days after the appellants acquired knowledge of the estimated costs. (January 20— March 15). Payment of court costs, on a date beyond the initial forty-five day period, should follow immediately, absent extenuating circumstances, after receipt of the clerk’s cost bill. The appellants’ failure to do so also justifies a dismissal.
We believe that these requirements are necessary to eliminate the potential for prejudice to the appellees, as well as the obvious delay resulting from the methods used by the appellants in this case. The predominant reason for creating time limitations in appellate procedure is to bring an expeditious termination to the dispute and a final resolution to the matter as quickly *140 as possible. To permit the use of methods employed by the appellants in this case would certainly hamper the attainment of those objectives.
III.
The appellees also contend that the appeal should be dismissed for failure of the appellants to give timely notice to the reporter to transcribe her notes of the trial.
By statutory law, any person appealing a case must notify the court reporter not later than ten days after perfecting his appeal that a copy of the notes is desired. Miss.Code Ann. § 9-13-33 (Supp.1982). However, the failure to give such notice is a procedural defect which may be waived if the appellee fails to file a motion to strike the court reporter’s notes within ten days after the record was filed in this Court. Miss.Sup.Ct. Rule 16 (Jan.1983); Haralson v. State, 308 So.2d 222 (Miss.1975).
In the instant case, the appeal was “perfected” when the petition was filed on No» vember 25,1981, while the notice was given to the reporter on March 12, 1982. The appellants obviously failed to comply with section 9-13-33. And, the appellees filed their motion to strike the notes within the ten day requirement of Rule 16. (December 13 — December 21). Thus, the appeal must be dismissed for this reason as well.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS and ROBERTSON, JJ., concur.
DAN M. LEE, J., not participating.

. The trial judge’s order, dated March 15, 1982, is in conflict with the court reporter’s notice, which states that notice was received on March 12, 1982.

. No assignment of error was raised as to this procedure. However, attention is called to State v. Ridinger, 279 So.2d 618 (Miss.1973), wherein we stated: “It is generally recognized throughout the United States that a trial judge may not permit, even in an indirect manner, an extension of time for taking an appeal to the Supreme Court.” Id. at 621.

. A procedural requirement, unlike a jurisdictional requirement, can be waived upon failure of the adverse party to timely object.

. Although delays caused by the clerk cannot be held against the appellant, Miss.Code Ann. § 11-3-5 (Supp.1982), the failure to take action to avoid such delays should be held against the appellant.