437 So.2d 1222 (1983)
Alden R. MORAN
v.
Regina Stanford NECAISE.
No. 54703.
Supreme Court of Mississippi.
September 28, 1983.
Pete H. Carrubba, Dukes, Carrubba, Dukes & Keating, Gulfport, Billy R. Gibson, Bay St. Louis, for appellant.
Herbert J. Stelly, Sr., Gulfport, for appellee.
En Banc.

ON MOTION TO DOCKET AND DISMISS APPEAL
BROOM, Presiding Justice, for the Court:
Motion of appellee, Regina Stanford Necaise, to docket and dismiss appeal from judgment of the Circuit Court of Hancock County was received and filed in this Court on April 18, 1983, alleging Moran's failure to timely pay estimated court costs. Appellant, Alden R. Moran, then petitioned this Court on May 13, 1983, for writ of certiorari, requesting us to direct the lower court's clerk and official court reporter to prepare and certify the transcript of the record.
Judgment for movant/plaintiff Necaise on a promissory note was rendered October 12, 1982, by the Circuit Court of Hancock County against the defendant/appellant Alden R. Moran, in the amount of $11,822.00.[1] Motion for a new trial, timely made by defendant Moran, was overruled by the circuit *1223 judge on October 18, 1982. Notice to the court reporter(s) to transcribe and estimate costs of the appeal was mailed by Moran's attorney, Billy R. Gibson, on October 12, 1982. Moran's petition for appeal with supersedeas was filed with the circuit clerk October 22, 1982. On December 21, 1982, an order was obtained by Moran allowing supersedeas.
On the question of when appellant Moran received notice of the estimate of costs to appeal, he points out that a writ of certiorari ordering the circuit clerk and court reporter to furnish him an estimate of costs was issued by Justice Bowling of this Court on January 21, 1983. Moran further states that the clerk's estimate of costs for appeal was dated January 27, 1983, and filed with the circuit clerk which Moran says he received on January 28, 1983. Additionally, Moran pointed out that the estimate was stamped "Filed, August 4, 1982", which date is prior to judgment date and obviously not the correct date. Costs were paid by Moran to the circuit clerk on March 11, 1983.
To the contrary, Mrs. Necaise indicates that Moran's attorney was verbally advised of the estimated court costs as early as October 22, 1982, and was again advised of the same on December 11, 1982. Necaise avers that on January 13, 1983, the court reporter further advised Moran's attorney of such costs and filed a duplicate of the written estimate with the clerk on the same day after it was found that the original was not in the file. Possibly some of the confusion may have resulted from personnel changes in clerk's office below.
Mrs. Necaise's motion to docket and dismiss the appeal was filed with the clerk of this Court April 18, 1983, reasoning that dismissal was warranted due to failure of Moran (defendant below) to timely pay the estimated court costs. Petition for writ of certiorari was filed by Moran on May 13, 1983, requesting that the circuit clerk and court reporter be directed to prepare and certify the transcript of the record of trial.
Two questions are presented here and both may be answered by the same analysis: Should Moran's requested writ of certiorari be issued? Or, Should Mrs. Necaise's motion to docket and dismiss be granted?
As to her docket and dismiss motion, Mrs. Necaise takes the position that Moran's attempted appeal was not perfected because of his failure to timely pay the estimated court costs and that, therefore, the appeal should be dismissed. However, her rebuttal brief concedes that under the rationale of Dixieland Food Stores, Inc. v. Kelly's Big Star, Inc., 384 So.2d 1031 (Miss. 1980), a petition for appeal[2] is sufficient to perfect the appeal. Then Mrs. Necaise points out, however, that, if January 13, 1983, is considered as the date of notification to Moran of costs, payment was not made within 45 days of that date.[3]
Moran claims that he timely noticed the court reporter to transcribe, timely petitioned for an appeal, and made good faith effort to obtain and pay estimated appeal costs. Although payment was not made until later than 45 days from the date of judgment,[4] Moran claims he paid costs within a reasonable time and that dismissal of his appeal is not justified.
Three of our recent prior decisions and several statutes on appeals may have relevance to the situation presented here. An appeal must be taken within 45 days of rendition of judgment, according to language of § 11-51-5 supra, "saving to persons under a disability of infancy or unsoundness of mind... ."
Our opinion in Dixieland, authored by Justice Sugg, delineated three methods of *1224 appeal to this Court, indicating that either method must be pursued within 45 days in order to "perfect" the appeal:
(1) ... prepaying the costs in the lower court and the fee required by section 25-7-3.
(2) ... filing in the office of the clerk of this Court a transcript of the record of the case in which the appeal is taken.
(3) By petition for appeal... .
384 So.2d at 1032-33.
Moran's appeal in the present case, according to Dixieland, was perfected by his petition for appeal filed October 22, 1982. Mississippi Code Annotated § 11-51-15 (Supp. 1982) provides for "Petition for Appeal". Dixieland further holds that:
[I]n cases where petition for appeal is filed and granted by the clerk of the trial court, the appeal is taken when the petition is filed. Of course, appellant must pay the costs "as then required," which means after the estimate of costs is prepared by the clerk and before the record is filed in this Court.
384 So.2d at 1033-34.
Under Dixieland, Moran's appeal was "perfected" in the present case by filing of the petition within the 45-day period, but he still would have to pay the estimate of costs as required under § 11-51-15, supra, after the clerk's preparation of the estimate of costs. The trial court clerk was required to file a cost estimate within 5 days of judgment according to Mississippi Code Annotated § 11-51-61 (Supp. 1982). Mississippi Code Annotated § 11-3-5 (Supp. 1982) provides that an appeal "shall" not be dismissed "because of any failure by an officer to comply with the requirements of law in reference to appeals; ... ." [emphasis supplied].
Moran claims that his March 11, 1983, payment of costs was in good faith and within a reasonable time after notification in January of the costs of the appeal from the October 12, 1982, judgment. Authored by Walker, J., Allgood v. Allgood, 367 So.2d 450 (Miss. 1979) states:
We also hold that in future cases, if the clerk of the trial court fails to satisfy the statutory requirements as to the bill of costs, the attorney of record desiring an appeal must make a motion in writing to the trial judge, within the allotted forty-five days, compelling production of the cost bill from the trial court clerk. Absent such a written motion within the time for appeal, the appeal must be dismissed for lack of jurisdiction. See Oswalt v. Austin, 192 Miss. 653, 6 So.2d 924 (1942).
Id. at 452.
The appeal was not dismissed in Allgood for lack of timely payment, however, because the circumstances were unique inasmuch as the appeal statutes were new, and the appellant made a good faith effort to appeal according to the case law then existing. Id. at 451-52.
Garrett v. Nix, 431 So.2d 137 (Miss. 1983), authored by Prather, J., (but decided subsequent to the main events presented here), stated that:
Although the payment of costs was a necessary step to perfect the appeal under the procedure discussed in Allgood, we think the same procedure should be followed when payment of costs is a procedural step also. In this case, the appellants never made any effort to compel production of the cost bill. This factor alone warrants dismissal of the appeal.
Id. at 139.
As to timely payment of cost estimates, Garrett further stated:
Payment of estimated costs came fifty-four days after the appellants acquired knowledge of the estimated costs. (January 20-March 15). Payment of court costs, on a date beyond the initial forty-five day period, should follow immediately, absent extenuating circumstances, after receipt of the clerk's cost bill. The appellants' failure to do so also justifies a dismissal.
Id. at 139.
*1225 Garrett was characterized as a case of unnecessary delay and the appeal was dismissed.[5]
Events transpiring and brought to our attention since Dixieland, Allgood, and Garrett, clearly establish that confusion exists regarding applicable procedures to be taken in appeals from lower courts. The administration of justice will be better served by only one method of appeal rather than the three discussed above and presently allowable under our statutes and decisions. We now deem it needful and imperative, in keeping with judicial economy, for the prevention of further confusion, to provide for one (and only one) method of appeal to the Supreme Court of Mississippi. No longer is it doubted that we have the power to act accordingly. Newell v. State, 308 So.2d 71 (Miss. 1975). Therefore, we now promulgate Supreme Court of Mississippi Rule 48, attached as APPENDIX "A",[6] to be effective January 1, 1984.
Rule 48, as is true of all other rules, will not likely fit every conceivable situation that may arise in the bringing of appeals. However, when one desiring to take an appeal gives proper notice of appeal provided by Rule 48 and pays the cost estimate as stated therein, he is then entitled to have the record made up and certified to this Court. When the record is made up, a bill or statement of the total costs shall be forthwith furnished to appellant or appellant's counsel by the lower court clerk. Payment shall then be made by appellant of the total costs, and upon failure of such payment the case shall be subject to docketing and dismissal upon motion of appellee.
To the extent that the cases referred to above, or any other case, rule or statute, conflict with the newly promulgated Rule 48, they are hereby overruled and held for naught. However, the language "saving to persons under a disability of infancy or unsoundness of mind" in Mississippi Code Annotated § 11-51-5, supra, shall remain in effect.
Accordingly, the motion of Necaise to docket and dismiss Moran's appeal is overruled, and the writ of certiorari is granted Moran directing the circuit clerk and court reporter below to promptly prepare and file here the record of proceedings had below.
MOTION TO DOCKET AND DISMISS OVERRULED; CERTIORARI GRANTED.
PATTERSON, C.J., WALKER, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.

APPENDIX A

RULE 48

APPEAL AS OF RIGHT  HOW TAKEN  WHEN TAKEN
(a) In all cases, both civil and criminal, in which an appeal is permitted by law as of right to the Supreme Court, there shall be one procedure for perfecting such appeal. That procedure is prescribed in this rule. All statutes, rules or decisions in conflict with this rule shall be of no further force or effect.
(b) In all cases in which an appeal is permitted by law of right to the Supreme Court, the party or parties taking the appeal shall file a notice of appeal with the clerk of the court whose judgment, order or decree is being appealed within 30 days after the date of entry of the judgment, order or decree. A copy of the notice of appeal shall be served upon all other parties in the case and upon the court reporter.
(c) The notice of appeal shall specify the party or parties taking the appeal and shall designate the judgment, order or decree, or part thereof, appealed from. An appeal shall not be dismissed for informality of form or title of the notice of appeal.
*1226 (d) A notice of appeal filed after the announcement of a decision or order but before the entry of the judgment, order or decree shall be treated as filed after such entry and on the day thereof.
(e) If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days after the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this Rule 48, whichever period last expires.
(f) If a timely motion under the Mississippi Rules of Civil Procedure is filed in the trial court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.
(g) If a timely motion under the Uniform Criminal Rules of Circuit Court Practice is filed in the trial court by the defendant (i) for judgment of acquittal notwithstanding the verdict of the jury, or (ii) for a new trial under Rule 5.16, the time for appeal for all parties shall run from the entry of the order denying such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. Notwithstanding anything in this rule to the contrary, in criminal cases the 30 day period shall run from the date of the denial of any motion contemplated by this subparagraph (g), or from the date of imposition of sentence, whichever occurs later.
(h)(1) Within the same 30 day period for which provision is made under subparagraph (b) of this rule, as the same may be enlarged or extended as provided by subparagraph (f) or subparagraph (g), whichever may be applicable, the party taking the appeal shall estimate the cost of preparation of the record on appeal, including, but not limited to, the cost of the preparation of the transcript, and shall deposit said sum with the clerk of the court whose judgment, order or decree has been appealed. The appellant should immediately thereafter file with the clerk of the trial court his certificate setting forth the facts of his compliance with this subparagraph and should serve a copy of said certificate upon all other parties and upon the court reporter. An appeal shall not be dismissed for informality in the form or contents of this certificate nor for the timing of its filing.
(2) The court reporter shall immediately upon appellant's compliance with subparagraph (h)(1) commence preparation of the transcript. If dissatisfied with the amount tendered, either the clerk of the trial court or the court reporter may apply for an increase to the trial court which, after reasonable advance notice and opportunity to be heard having been afforded all parties, and for good cause shown, may order the amount of the deposit increased. The party taking the appeal shall comply with any such order within 14 days of the date of entry. The deposit and any such order shall be provisional, subject to adjustment after the transcript has been completed and the actual cost thereof ascertained.
(i) Appeals may be taken in forma pauperis where such is allowed by law. Where a party desires to proceed in forma pauperis, he shall, within the same 30 day period for which provision is made under paragraph (b) of this rule, as the same may be enlarged or extended as provided by subparagraph (f) or subparagraph (g), whichever may be applicable, file with the clerk of the trial court his application for leave to so proceed. If leave to proceed in forma pauperis be granted, subparagraph (h) of this rule thereupon becomes inoperative as to that appeal. If leave to proceed in forma *1227 pauperis is denied, the appellant shall within 14 days of entry of the order denying such leave estimate the cost of preparation of the transcript and shall deposit said sum with the clerk of the court whose judgment, order or decree has been appealed. Thereupon, the remainder of subparagraph (h) of this rule shall be fully operative.
(j) In the case of parties under a disability of infancy or unsoundness of mind, the various periods of time for which provision is made in this rule and within which periods of time action must be taken shall not begin to run until the date on which the disability of any such party shall have been removed. However, in cases where the appellant infant or person of unsound mind was a plaintiff or complainant, and in cases where such a person was a party defendant and there had been appointed for him or her a guardian ad litem, appeals to this Court shall be taken in the manner prescribed in this rule within two years of the entry of the order, judgment or decree which would cause to commence the running of the thirty (30) day time period for all other appellants as provided in this rule. [See Miss. Code Ann. § 11-51-5 (Supp. 1982)].
(k) A stay of the enforcement of the judgment, order or decree appealed from, with or without supersedeas bond, may be obtained as otherwise provided by law. If the other provisions of this rule be complied with, the appeal has been perfected without regard to whether stay or supersedeas has been applied for or the timing of such application.
(1) This rule shall govern all appeals as of right from judgments, orders or decrees entered from and after January 1, 1984.
NOTES
[1] The facts (in considerable dispute) as given are stated according to the exhibits following the appellee's motion to docket and dismiss appeal, and the exhibits following the appellant's affidavit in opposition to the motion.
[2] Mississippi Code Annotated § 11-51-15 (Supp. 1982).
[3] Note that under Dixieland, supra, the appeal was "perfected" on the date of filing of the petition in October and not on the filing of the costs estimate in January.
[4] Time period in which appeals must be taken under Mississippi Code Annotated § 11-51-5 (Supp. 1982) prior to this opinion.
[5] Garrett's language provides that payment should be made "after receipt of the clerk's cost bill". The court reporter's affidavit herein states that Moran's attorney was "verbally" advised in October of 1982 of the cost estimate, although Necaise's brief states that the estimate was actually filed.
[6] We point out that most of the wording and phraseology of Rule 48 was supplied by Robertson, J.