475 So.2d 140 (1985)
Roger C. LANDRUM, et al.,
v.
Evelyn W. BAILEY, et al.
Misc. No. 1840.
Supreme Court of Mississippi.
May 29, 1985.
Rehearing Denied September 4, 1985.
James L. Martin, Bacon, Jernigan & Martin, Jackson, for appellants.
K. Hayes Callicutt, Jackson, for appellees.
En Banc.

ON MOTION FOR LEAVE TO FILE APPEAL OUT OF TIME
ROY NOBLE LEE, Presiding Justice, for the Court:
The question here is whether or not this Court will enforce the provisions of Miss. Supp.Ct.Rule 48 and apply that rule to this case.
The genesis of Rule 48 is Moran v. Necaise, 437 So.2d 1222 (Miss. 1983), where we said:
Events transpiring and brought to our attention since Dixieland [Food Stores, Inc. v. Kelly's Big Star, Inc., 384 So.2d 1031 (Miss. 1980)], Allgood [v. Allgood, 367 So.2d 450 (Miss. 1979)], and Garrett [v. Nix, 431 So.2d 137 (Miss. 1983)], clearly establish that confusion exists regarding applicable procedures to be taken in appeals from lower courts. The administration of justice will be better served by only one method of appeal rather than the three discussed above and presently allowable under our statutes and decisions. We now deem it needful and imperative, in keeping with judicial economy, for the prevention of further confusion, to provide for one (and only one) method of appeal to the Supreme Court of Mississippi. No longer is it doubted that we have the power to act accordingly. Newell v. State, 308 So.2d 71 (Miss. 1975). Therefore, we now promulgate Supreme Court of Mississippi Rule 48, attached as APPENDIX "A", to be effective January 1, 1984.
437 So.2d at 1225.
The Court adopted Rule 48 on the date Moran, supra, was decided, effective January 1, 1984. It was given wide publication, including Moran, supra; and Mississippi Supreme Court Rules, Mississippi Cases, 435-439 So.2d at XXI; and Mississippi *141 Rules of Court, (1984-85) published by West Publishing Company.
The present case was tried in the Chancery Court of the First Judicial District, Hinds County, Mississippi, and judgment entered January 18, 1985, more than twelve (12) months after the effective date of Rule 48. Movants attorneys candidly admit that they were not aware of Rule 48 and that they did not know of the conflict between Mississippi Code Annotated § 11-51-5 (1972) and Rule 48, which changed that section of the law. Then, they simply request that they be granted an out-of-time appeal.
We recognize that there are exceptional cases in which the rule should not be strictly applied. For a short period of time after the effective date of the adoption of the rule, the Court exercised some leniency in its application and enforcement under circumstances then existing.
The Bench and Bar should have been aware of Rule 48 long ago. In order that the rule may be meaningful and workable, it must be enforced. The fact that some members of the Bar honestly are not aware of the rule and its requirements for appealing to this Court, is inexcusable.
The motion for leave to file appeal out of time is denied.
MOTION DENIED.
PATTERSON, C.J., WALKER, P.J., HAWKINS, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
ANDERSON and DAN M. LEE, JJ., not participating.

ON PETITION FOR REHEARING
HAWKINS, Justice, dissenting:
I respectfully dissent in the Court's denial of the Petition for Rehearing. I would reinstate the appeal.
I do not think any major disagreement exists on the Court as to the law in this matter. The considerable division comes about from our difference of opinion in what ought to be done with the motion to permit an appeal perfected four days late.
I did not dissent from the original opinion. Upon greater reflection I am convinced I was wrong.
If this were a case where failure to take certain steps in a certain time in order to perfect an appeal was jurisdictional, the question would be quite different. Thus, there was a time when a State statute required the appellant to give notice to the court reporter to transcribe her notes within ten days from date of judgment, or adjournment of court; failure to comply with this statute was a jurisdictional defect, and this Court would be without authority to hear the appeal. Ashe v. Ballard, 223 Miss. 397, 78 So.2d 476 (1955); In Re Simpson, 199 So.2d 833 (Miss. 1967); Mississippi State Highway Commission v. Brown, 250 Miss. 773, 162 So.2d 508 (1964).
Likewise, we have held that failure to perfect an appeal within the time provided by statute deprived this Court of jurisdiction. See: Shannon Chair Co. v. City of Houston, 295 So.2d 753 (Miss. 1974); Fisher v. Crowe, 289 So.2d 921 (Miss. 1974); Mississippi State Highway Commission v. First Methodist Church of Biloxi, Mississippi, Inc., 323 So.2d 92 (Miss. 1975).
There was no violation of any statute governing appeals in this case. The attempted appellants scrupulously followed the appeal statutes. Indeed, the statutes misled them into thinking they had forty-five days within which to perfect an appeal instead of thirty days. They perfected the appeal in eleven days less time than authorized by the statute.
What these attempted appellants violated was a rule of this Court, not a jurisdictional statute, and we have all the authority we want to exercise in deciding whether to enforce or suspend any rule of this Court.
This case was tried in the Chancery Court of the First Judicial District of Hinds County and judgment entered on January 18, 1985. Petitioners' attorneys advised their clients to notify them if an appeal was desired, and also that the appeal had to be *142 perfected within forty-five days. Petitioners desired an appeal and so notified their counsel.
On the thirty-fourth day after counsel took all steps necessary to perfect an appeal, except for the time, they learned of Rule 48. When they discovered their error they acted swiftly. On that very same day, February 22, 1985, petitioners filed a motion in this Court to permit an out-of-time appeal. The motion was contested, and this Court denied the motion. We said:
We recognize that there are exceptional cases in which the rules should not be strictly applied. For a short period of time after the effective date of the adoption of the rules, the Court exercised some leniency in its application and enforcement under circumstances then existing.
The bench and bar should have been aware of Rule 48 long ago. In order that the rule may be meaningful and workable, it must be enforced. The fact that some members of the bar honestly are not aware of the rule and its requirements for appealing to this Court, is inexcusable.
There is another rule of this Court equal in importance to Rule 48, which has been in effect a long time. Rule 33 states:
These rules shall be considered as general rules for the government of the Court and the conducting of causes; and as their design is to facilitate business and advance justice, they may be relaxed or dispensed with by the Court in any case where it shall be manifest to the Court that a strict adherence to them will work surprise or injustice.
It is difficult for me to see that strictly adhering to Rule 48 in this case will not work an injustice.
I am not tolerant of indolent, lazy or apathetic attorneys, and have not hesitated to impose sanctions on them, which created hardships for their clients.
Counsel in this case were not lazy, however. They simply made a mistake. They were negligent, but I think some indulgence is in order. I practiced law for thirty-four years, and I do not believe there is a practicing lawyer in this state, no matter how high his esteem and ability, who has not made errors as serious as counsel in this case.
In my view more flagrant violations of Court rules have been ignored or disingenuously written all around by this Court. E.g., see: Spots v. State, 427 So.2d 127 (Miss. 1983), and Ladner v. Ladner, 436 So.2d 1366 (Miss. 1983).
Indeed, any review of our docket will reveal we have occasion at least weekly, sometimes daily, to relax or suspend enforcement of one of this Court's Rules when the infraction is minor, an understandable mistake, and no harm is done. Especially are we prone to eschew strict adherence when to do so would cause profound hardship.
But here, where there has been no prejudice by this four or five day delay  nobody has been hurt  like Chicken Little, must we fear the sky will fall in unless we literally follow the rule? We view the delay as though it were a jurisdictional defect. We stated in Box v. State, 437 So.2d 19 (Miss. 1983), we were not hide-bound to reverse each and every case which had some rule violation in it.
I would sustain the Petition for Rehearing and permit an out-of-time appeal.[1]
WALKER, P.J., joins this opinion.
DAN M. LEE and ANDERSON, JJ., not participating.
NOTES
[1] Even in flagrant, inexcusable violations of trial court rules, the most we have done was reverse for a retrial. We did not, as here, terminate the case.

It seems to me that a delay which has not exceeded the statutory time period of forty-five days, and in which no harm whatever has been done, this Court should reserve for itself the prerogative of permitting the appeal upon an appropriate petition or motion.