473 So.2d 477 (1985)
John Wiley CLARK and Cynthia Clark
v.
CITY OF PASCAGOULA, Silver's Lounge, Inc., Travel Motor Inn, Inc., Michael Valardo and Nick Valardo.
No. 56368.
Supreme Court of Mississippi.
July 24, 1985.
C.R. McRae, Pascagoula, for appellants.
Raymond Brown, Fielding L. Wright, James H. Heidelberg, Pascagoula, for appellees.
En Banc.
ON MOTION TO DISMISS APPEAL
DAN M. LEE, Justice, for the Court:
Once again, we are called upon to decide whether to allow an appeal brought outside the procedure specified in Mississippi Supreme Court Rule 48, which became effective on January 1, 1984. Moran v. Necaise, 437 So.2d 1222 (Miss. 1983).
In the case at bar, trial was held from February 22 through February 24, 1984. After a verdict was rendered for the defendants, a motion for a new trial was denied on March 5, 1984. On March 9, 1984, the appellants filed their notice of appeal with the circuit clerk and the court reporter. The appellants paid appeal costs on or before April 16, 1984, approximately forty-two days later. No notice was mailed to the attorneys for the defendants.
The old statute governing appeals, § 11-51-5, Miss. Code Ann. (Supp. 1985) allowed *478 forty-five days within which to perfect an appeal. The appeal procedure was provided by § 11-51-13, Miss. Code Ann. (1972), which provided for a petition to be filed with the Clerk of the Court. The appeal in this case complied with both the statutes. The new rule governing appeals, Miss.Sup. Ct.Rule 48 gives thirty days within which to perfect an appeal, and requires notice to be given to the Clerk of the Court, all other parties, and the court reporter. This appeal did not comply with Rule 48.
As we stated in Landrum v. Bailey, Miss., 475 So.2d 140 (1985) (where we denied the appellant's motion to file an appeal out of time) we exercised leniency in enforcing Rule 48 for some period of time after its effective date. We stated in Landrum:
We recognize that there are exceptional cases in which the rule should not be strictly applied. For a short period of time after the effective date of the adoption of the rule, the Court exercised some leniency in its application and enforcement under circumstances then existing.
We denied the motion in Landrum because the appeal was brought on a judgment rendered over one year after the rule's effective date, and did not comply with it.
This appeal comes after the decision in Landrum; however, the situation here allows us to grant an exception from the rule. The record shows that the final order appealed from  denial of the motion for a new trial  was entered on March 5, 1984, a little more than two months after the rule's effective date. If the case had come before us promptly, the issue of compliance with Rule 48 would have been decided during the period where we routinely allowed some flexibility in enforcement of its provisions. Due to delay in transcribing the record, we did not receive it until April 16, 1985. Thus, although this decision comes after Landrum, the operative facts for appeal occurred well before it. For this reason, we grant an exception to Rule 48 and allow the appeal to proceed.
Miss.Sup.Ct.Rule 33 provides that the Court's rules may be relaxed to avoid injustice or surprise, and it seems to us that this is such a case.
The motion to dismiss appeal is overruled.
OVERRULED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
ANDERSON, J., not participating.