WALKER, Presiding Justice,
dissenting:
Although there was no majority opinion written in this case, I nevertheless feel compelled to express my feeling in writing.
This matter first came before the Court on motion of the state to dismiss Jimmy Ward’s appeal on the ground that it was not perfected within thirty days from the date of the court’s final order. That motion was overruled.
The state has now filed a petition for rehearing strongly asserting that we are not abiding by duly promulgated Rules of the Supreme Court as well as recent precedent set in Landrum v. Bailey, 475 So.2d 140 (Miss.1985) and Clark v. City of Pascagoula, 473 So.2d 477 (Miss.1985).
*525 Mississippi Supreme Court Rule 48 which requires that all appeals to this Court must be perfected within thirty days reads in part as follows:
(a) In all cases, both civil and criminal, in which an appeal is permitted by law as of right to the Supreme Court, there shall be one procedure for perfecting such appeal. That procedure is prescribed in this rule. All statutes, rules or decisions in conflict with this rule shall be of no further force or effect.
The Rule further provides as follows:
(g) If a timely motion under the Uniform Criminal Rules of Circuit Court Practice is filed in the trial court by the defendant (i) for judgment of acquittal notwithstanding the verdict of the jury, or (ii) for a new trial under Rule 5.16, the time for appeal for all parties shall run from the entry of the order denying such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. Notwithstanding anything in this rule to the contrary, in criminal cases the 30 day period shall run from the date of the denial of any motion contemplated by this subparagraph (g), or from the date of imposition of sentence, whichever occurs later.
In the present case, the appellant was tried and convicted on January 30, 1985. He filed his “Motion for Judgment N.O.V. or in the Alternative, for a New Trail” on January 31, 1985. The motion was overruled by the lower court on February 6, 1985, and the sentence was imposed on the same day. To properly perfect his appeal, the appellant was required to file his notice of appeal within thirty (30) days of February 6. However, the appellant did not file his notice until March 14,1985, some thirty-six days later.
The appellant contends that the thirty-day period should not run from February 6, 1985, but should run from March 12, 1985, when his “Extraordinary Motion for a New Trial” was overruled. However, the “Extraordinary Motion for a New Trial” was of no effect. Rule 5.16, Mississippi Uniform Criminal Rules of Circuit Court Practice requires that a motion for a new trial be filed -prior to the adjournment of the term of court in which the conviction was obtained. The appellant readily concedes this point in his response. The appellant was convicted during the January 1985 Term of the Circuit Court of Oktibbeha County. The January 1985 Term ended February 8, 1985. Miss.Code Ann. § 9-7-43 (Supp.1984). The term was not extended and there was no order entered by the lower court retaining jurisdiction to hear such a motion out of term time. Therefore, the lower court was without jurisdiction to entertain such a motion. See also Evers v. Truly for Use & Benefit of Town of Fayette, 317 So.2d 414 (Miss.1975). The appellant contends that this case is distinguishable from Evers because the extraordinary motion filed herein raised issues which had not been raised previously. The appellant misses the point. The lower court was without jurisdiction to hear a successive motion for a new trial after the term had ended, regardless of the issues raised.
The appellant agrees that a motion for new trial must be filed prior to the adjournment of the term of the trial court in which the verdict was rendered. However, he contends he filed his “Extraordinary Motion for a New Trial” in an attempt to obtain post-conviction relief from the trial court and stated that such motion should be treated as a motion for post-conviction relief pursuant to our Post Conviction Collateral Relief Act. With all respect to the appellant and his attorney, I feel that this argument is made out of hindsight.
In my opinion this Court erred as a matter of law by overruling the state’s motion to dismiss Ward’s appeal and should dismiss the appeal because it was not timely perfected pursuant to Rule 48.
In the alternative, if the “Extraordinary Motion for a New Trial” is treated as a motion pursuant to the Mississippi Uniform *526 Post-Conviction Collateral Relief Act, the notice of appeal filed after the lower court's ruling on the extraordinary motion would serve only to perfect an appeal upon one issue, i.e., the propriety of the court’s ruling on the merits of the extraordinary motion and not on the merits of the conviction. In that event, only the motion itself and the court’s ruling would come to this Court and not the entire record.
In my opinion, the requirement that an appeal shall be perfected within thirty days should be made jurisdictional and rigidly and consistently enforced. I can fathom no justifiable reason for strictly enforcing the rule in civil cases, Landrum v. Bailey, supra, and Clark v. City of Pascagoula, supra, and not enforcing it in criminal cases as the Court is doing. If the rule is not practical, then it should be rescinded and all litigants treated equally.