**URBAN DEVELOPERS, LLC, Plaintiff,**

v.

**CITY OF JACKSON, MISSISSIPPI, Harvey Johnson, Jr., in His Official and Individual Capacities, Mississippi Regional Housing Authority VI, John Murphy, in His Official and Individual Capacities, Sharon Wilson, in Her Official and Individual Capacities, Defendants.**

No. CIV.A. 3:03–CV–181BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 29, 2005.

Crane D. Kipp, Wise, Carter, Child & Caraway, Jackson, MS, Jon L. Schoenhorn(PHV), Schoenhorn & Associates, Hartford, CT, for Urban Developers, LLC, Plaintiff.

David C. Grantham, Office of the City Attorney, Paul M. Neville, City of Jackson, Ronald DeWayne Bailey, Office of the City Attorney, Jackson, MS, Carroll Edward Rhodes, Law Offices of Carroll Rhodes, Hazlehurst, MS, Boty McDonald, Boty McDonald, Attorney, Jackson, MS, for Defendants.

Sharon Wilson, Jackson, MS, pro se.

### OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the following Motions:

1) the Motion of Defendants Mississippi Regional Housing Authority, John Murphy and Sharon Wilson (hereinafter collectively "Region VI") to Stay Execution and Enforcement of Judgment (filed March 9, 2005, under docket entry no. 153); and

2) the Motion of Defendant City of Jackson (hereinafter "City") for Stay Pending Appeal (filed March 9, 2005, under docket entry no. 154).

Having considered the Motions and Responses, the Court finds that both Motions are well taken and that both should be granted.

## I. Factual Background and Procedural History

This case was tried before a jury from October 25 through November 4, 2004. Through a Verdict by Special Interrogatories, the jury found as follows:

1. For Plaintiff against the City on the federal due process claim.

2. For Plaintiff against the City on the unconstitutional taking claim.

3. For Plaintiff against the City on the state constitutional claim.

4. That Plaintiff proved that contracts were in effect between it and the Housing Authority at the time of the flood in question.

5. For Plaintiff against the Housing Authority on the breach of contract claim.

6. a. For Plaintiff against the Housing Authority on the federal procedural due process claim.

   b. For Plaintiff against John Murphy on the federal due process claim.

   c. For Defendant Sharon Wilson on the federal due process claim.

7. a. For Plaintiff against the Housing Authority on the unconstitutional taking claim.

   b. For Plaintiff against John Murphy on the unconstitutional taking claim.

8. a. For Plaintiff against the Housing Authority on the state constitutional claim.

   b. For Plaintiff against John Murphy on the state constitutional claim.

9. For Defendants the City and Harvey Johnson on the negligence claim.

10. For Plaintiff against the Housing Authority, John Murphy and Sharon Wilson on the negligence claim.

11. A compensatory damages award of $415,000.00 was returned against the City of Jackson.[1]

12. A compensatory damages award of $1,000,000.00 was returned against the Housing Authority, John Murphy and Sharon Wilson.

13. No punitive damages were awarded.

A Final Judgment and subsequent Amended Final Judgments were entered in accordance with the jury's findings and in accordance with other post trial Motions and Orders.

Aggrieved by the outcome of the trial, on January 5, 2004, Region VI filed its Notice of Appeal with the United States Court of Appeals for the Fifth Circuit. The following day, the City also filed a Notice of Appeal with the Fifth Circuit. Through the subject Motions, both Region VI and the City seek a stay of the Judgment pending appeal without the obligation of posting a supersedeas appeal bond. Both Motions are now ripe for consideration.

## II. Analysis

In their efforts to stay the Judgment and avoid payment of a supersedeas bond on appeal, both Region VI and the City rely on Rule 62(f) of the Federal Rules of Civil Procedure, Rule 62(f) of the Mississippi Rules of Civil Procedure, and § 11–51–101 of the Mississippi Code. To resolve the issue at bar, these provisions must be considered in conjunction with one another.

Rule 62(f) of the Federal Rules states:

> **Stay According to State Law.** In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state.

Interpreting Federal Rule 62(f), the Fifth Circuit has held that "[t]he obvious purpose behind this rule is to allow appealing Judgment debtors to receive in the federal forum what they would otherwise receive in their state forum." *Castillo v. Montelepre, Inc.*, 999 F.2d 931, 942 (5th Cir.1993). Based on Federal Rule 62(f) as interpreted by the *Castillo* court, this Court must determine whether Defendants are entitled under Mississippi state law to the relief requested in their Motions. Defendants / Appellants in this case must be afforded the same treat-

---

1. The jury found in favor of Defendant Harvey Johnson on all claims against him. Accordingly, the damages award under Special Interrogatory number eleven did not apply to Johnson.

ment that they would receive in Mississippi state court.

The Court begins with considering the provisions of Mississippi Rule 62(f), which states:

**Stay in Favor of the State of Mississippi or Agency Thereof.** When an appeal is taken by the State of Mississippi or an officer or agency thereof or by direction of any department of the government of same and *the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required of the appellant.*

(Emphasis added). Also considered are the provisions of § 11–51–101 of the Mississippi Code. Section 11–51–101(1) states:

(1) The state, and any county, city, town or village thereof, and the officials representing the state, county, city, town or village, in any suit or action, and any state, county, city, town or village officer who is a party to any suit or action in his official character, in which suit or action the state, county, city, town or village is beneficially interested . . . shall be entitled to appeal from a judgment, decree, decision or order of any court or judge, from which an appeal may be taken, without prepayment of costs in the lower court. . . . In any such case, if a supersedeas is allowed and desired, *a bond for supersedeas shall not be required.*

(Emphasis added).

Plaintiff Urban Developers, LLC (hereinafter "Urban Developers") agrees that under the law cited above, the City is entitled to a stay of the subject Judgment on appeal without the posting of a supersedeas bond. The Motion of the City for Stay Pending Appeal must therefore be granted. In issue is whether Region VI is entitled to the same relief.

Region VI argues that as a *"quasi-governmental agency* of the State of Mississippi," it is entitled to the relief it seeks. Motion for Stay of Execution and Enforcement of Judgment (docket entry no. 153), p. 1 (emphasis added). Taking an opposing position, Urban Developers contends that "a *quasi governmental entity*" is "not within the express purview" of the exemption provisions cited above. Response in Opposition to Motion to Stay Execution on and Enforcement of Judg-

ment (docket entry no. 158), p. 1 (emphasis added). The Court must decide whether an agency with aspects of both a public sector government entity and a private sector entity, i.e., a *quasi governmental entity,* is entitled to invoke the provisions of Mississippi Rule 62(f) and Mississippi Code § 11–51–101(1). If it is, then the Motion of Region VI must be granted. If not, then Urban Developers will prevail on this issue.

No Mississippi case law has addressed the issue of whether a housing authority falls under the purview of a state agency for purposes of Mississippi Rule 62(f) and Mississippi Code § 11–51–101. This Court must therefore make an *"Erie* guess" on the issue.

In support of its position, Urban Developers cites *Sabougla Drainage Dist. No. 2 of Calhoun and Webster Counties v. People's Bank and Trust Co. of Tupelo,* 191 Miss. 331, 1 So.2d 219 (1941). However, a close reading of *Sabougla* indicates that the holdings therein support the position of Region VI rather than the position of Urban Developers.

In *Sabougla,* the issue was "whether a drainage district is exempt from the general requirements to execute a bond on appeal" under a then applicable Mississippi statute which is comparable to present day Mississippi Rule 62(f). *Id.* at 220. Finding that the drainage district was not entitled to the exemption, the *Sabougla* court found that the drainage district was not "a department, division, branch, instrumentality, *or integral part, of the state, county or municipal governments. . . ." Id.* at 220–21. This holding indicates that an important aspect of the *Sabougla* court's conclusion was that the drainage district's operations did not represent an "integral part" of a government function. With that in mind, this Court must consider whether the Mississippi Legislature envisioned the functions or Region VI as "integral parts" of Mississippi government.

Section 43–33–11 of the Mississippi Code sheds light on this issue. This code section states in part "[a]n authority shall constitute a public body corporate and politic, *exercising public and essential governmental functions,* and having all the powers necessary or convenient to carry out and effectuate the purposes and provisions of this article. . . ."

*Id.* (emphasis added). This statutory language provides a clear indication that Region VI exercised essential or "integral" government functions. This statutory language in conjunction with the holdings in *Sabougla* also support a conclusion that Region VI is entitled to the relief it seeks in the subject Motion.

In further support of this conclusion, the Court notes that in *Tennessee Valley Reg'l Housing Auth. v. Bailey*, 740 So.2d 869, 871 (Miss.1999), the Mississippi Supreme Court recognized that a housing authority is a "governmental entity," at least in the context of the Mississippi Tort Claims Act. This Court finds that as a recognized "governmental entity," Region VI is entitled to assert the provisions of Mississippi Rule 62(f) and § 11–51–101 of the Mississippi Code. For this reason, as well as the reasons stated above, this Court finds that a Mississippi state court would probably find that Region VI is entitled to a stay of the subject Judgment without the posting of a supersedeas appeal bond. Accordingly, the Motion of Region VI must be granted.

### III. Conclusion

Based on the analyses and holdings presented above:

IT IS THEREFORE ORDERED that the Motion of Defendants Mississippi Regional Housing Authority, John Murphy and Sharon Wilson to Stay Execution and Enforcement of Judgment [153] is hereby granted.

IT IS FURTHER ORDERED that the Motion of Defendant City of Jackson for Stay Pending Appeal [154] is hereby granted.

IT IS FURTHER ORDERED that the initial and subsequent Judgments entered in this case are hereby stayed pending completion of the appeal process and that neither Defendant is required to post a supersedeas appeal bond.