722 So.2d 166 (1998)
Edgar BYRD, Appellant,
v.
BILOXI REGIONAL MEDICAL CENTER, Appellee.
No. 97-CA-00709 COA.
Court of Appeals of Mississippi.
September 15, 1998.
David R. Daniels, Tupelo, for Appellant.
Stephen Giles Peresich, Biloxi, for Appellee.
Before BRIDGES, C.J., and COLEMAN and HERRING, JJ.
HERRING, Judge, for the Court:
¶ 1. Edgar Byrd appeals to this court from an order of the Circuit Court of Harrison County, Mississippi, which granted the motion for summary judgment of Biloxi Regional Medical Center (BRMC). A hearing on the summary judgment motion was held on November 12, 1996, and the trial court entered its order granting summary judgment on November 15, 1996. Neither party received notice that the trial court had entered its order granting summary judgment until March 7, 1997. BRMC agreed that it would not contest the timeliness of Byrd's appeal if the Notice of Appeal was filed within thirty days. Instead, Byrd filed a Motion for Reconsideration apparently pursuant to M.R.C.P. 59(e) on March 13, 1997, but did not give notice of its Motion for Reconsideration to BRMC until May 9, 1997. BRMC then promptly filed its response to the Motion for Reconsideration on May 12, 1997, and alleged that the motion was time barred. Thereafter, the trial court denied Byrd's Motion for Reconsideration on May 14, 1997, without comment. Byrd's Notice of Appeal was subsequently filed on May 23, 1997, some 189 days after the trial court's ruling in which it granted summary judgment to *167 BRMC. Because Byrd's Notice of Appeal was untimely filed in violation of our appellate rules, we must rule that Byrd's appeal should be dismissed.

I. THE FACTS
¶ 2. On September 3, 1993, Edgar Byrd went to the emergency room of BRMC complaining of pain. He was examined and subsequently admitted to the hospital. Dr. Holman scheduled Byrd for surgery on the next day to remove some kidney stones. On September 4, 1993, Byrd's surgery was completed at 8:30 a.m., and he was removed from the operating room to a post-operation room at 9:05 a.m. He was taken from the post-operation room at 10:05 a.m. and arrived at his hospital room at 10:15 a.m. BRMC personnel helped Byrd into bed, and Nurse Roxanne Ladner made the following notations on Byrd's record: "calm, alert and oriented times three (person, place and time) safety rails up, bed position checked, call bell within reach."
¶ 3. At 11:45 a.m., Byrd was found lying on his right side on the floor of his room. He later stated that as he got out of bed, he placed his hand on a food tray and then lost his balance and fell to the floor. As a result of this fall, Byrd broke his hip. Notes from the nurses' record indicate that at 11:45 a.m. "patient was found on floor by RT (respiratory therapist) lying on right side. Patient stated he was `going to look out window' Alert and oriented Activity orders up ad lib. Side rails up times three."
¶ 4. Byrd filed his complaint against BRMC on January 13, 1995, and alleged that hospital personnel were negligent because (1) they left the bed rails down, and (2) they negligently left him unattended while he was still under the influence of medication.

II. THE ISSUES
¶ 5. The Appellant, Edgar Byrd, assigns only one error which is taken verbatim from his brief:
THAT DUE TO THE EXISTENCE OF GENUINE ISSUES OF MATERIAL FACT, THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANT BELOW.
¶ 6. However, BRMC raises the following affirmative defense in its appellate brief:
I. THE PLAINTIFF/APPELLANT'S APPEAL IS BARRED DUE TO HIS FAILURE TO MEET AND COMPLY WITH THE MISSISSIPPI RULES OF CIVIL PROCEDURE AND THE MISSISSIPPI RULES OF APPELLATE PROCEDURE.

III. ANALYSIS
¶ 7. Whether Byrd's appeal is time-barred and whether this issue is dispositive of all issues in this case must be addressed first. It is noteworthy that Byrd does not address the issue of his untimely appeal in his Appellant's Brief, and that he chose not to file a Reply Brief. Nevertheless, we will address this issue based upon the argument of Appellee and our own research.
¶ 8. The circuit clerk's docket sheets chronicle the events and dates which transpired between (1) the time that the trial court granted BRMC's Motion for Summary Judgment, and (2) the time that Byrd filed his Notice of Appeal. BRMC's summary judgment motion was granted on November 15, 1996. Both parties state that they did not receive notice and did not know that summary judgment had been granted until March 7, 1997. At that time, BRMC agreed not to contest the timeliness of Byrd's appeal if he filed a notice of appeal within thirty days.[1] As stated above, instead of filing a Notice of Appeal, Byrd filed a Motion for Reconsideration on March 13, 1997. However, notice of the Motion for Reconsideration was not served on BRMC by Byrd until May 7, 1997. On May 9, 1997, BRMC filed its response and challenged the timeliness of the motion. The trial court denied the Motion for Reconsideration without comment on *168 May 14, 1997. Thereafter, Byrd finally filed his Notice of Appeal on May 23, 1997.
¶ 9. The issue before us is whether Byrd's appeal should be dismissed because he failed to timely file his Notice of Appeal in accordance with our Mississippi Rules of Appellate Procedure as they were written at the time Byrd filed his Notice of Appeal. If we find that Byrd's appeal was not filed in a timely manner, Rule 2 of our appellate rules requires that Byrd's appeal be dismissed. Rule 2 states as follows:
(a) Dismissal of Appeal.
(1) Mandatory Dismissal. An appeal shall be dismissed if the Notice of Appeal was not timely filed pursuant to Rules 4 or 5.
...
(c) Suspension of Rules. In the interest of expediting decision, or for other good cause shown, the Supreme Court or the Court of Appeals may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction; provided, however, in civil cases the time for taking an appeal as provided in Rules 4 or 5 may not be extended.

M.R.A.P. Rule 2(a)(1)(1996) (emphasis added). The comment to Rule 2 states "[u]nder Rule 2(a)(1), if an appeal is not taken within the time specified in Rules 4 or 5, either court, on its own motion or on the motion of party, shall dismiss it."[2]
¶ 10. In Bank of Edwards v. Cassity Auto Sales, Inc., 599 So.2d 579 (Miss.1992) our supreme court stated:
Rule 2(a) reflects the long-standing rule in this state that the failure to file a timely appeal leaves this Court without jurisdiction to consider the case. See In re Estate of Ware, 573 So.2d 773, 774 (Miss.1990); Kennedy v. Gervais, 345 So.2d 1039, 1039 (Miss.1977). The rule is strictly enforced. Estate of Ware, 573 So.2d at 775; see e.g., Moore v. Wax, 554 So.2d 312, 313 (Miss. 1989); Duncan v. St. Romain, 569 So.2d 687, 688-89 (Miss.1990) (appeal dismissed where out-of -state lawyer relied in good faith on conflicting statutory appeal period of 45 days).
Id. at 582. Moreover, as stated in Rule 2(c), this Court may not suspend the rules regarding the time for taking a civil appeal. M.R.A.P. Rule 2(c).
¶ 11. In the case sub judice, the record and the briefs are silent at to Byrd's position of this issue. It may be that Byrd believes that because he did not receive notice of the entry of summary judgment until 112 days after its entry, that he was entitled to continue or "pick up" the appeal process when he finally did receive notice of the entry of judgment. If this is his position, he failed to appreciate the contents of Mississippi Rule of Civil Procedure 77(d), which states:
(d) Notice of Orders or Judgments. Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the service. Lack of Notice of the entry by the clerk does not affect the time to appeal, nor relieve, nor authorize the court to relieve, a party for failure to appeal within the time allowed, except as permitted by the Mississippi Supreme Court Rules.

(emphasis added). Thus while M.R.C.P. 77(d) required the court clerk to provide notice to each party of the entry of the summary judgment, this requirement did not relieve either party of their responsibility to discover the date when the judgment was entered.
¶ 12. Mississippi Rule of Appellate Procedure 4(d) provides a litany of "post trial" motions which, if timely filed, will toll the time for filing a Notice of Appeal. A Motion for Reconsideration is treated as a motion to amend judgment pursuant to M.R.C.P. 59(e) and must be filed within ten days from the entry of the judgment sought to be amended. See M.R.C.P. 59(e). Allen v. Mayer, 587 So.2d 255, 261 (Miss.1991). Byrd filed his Rule 59(e) Motion for Reconsideration almost four months after the entry of summary judgment, but misapprehended *169 the application of Rule 59(e) when he did so. In order for such a motion to effectively toll the time for taking an appeal pursuant to M.R.A.P. 4(d), the motion must be timely filed in accordance with the time restrictions set out in M.R.C.P. 59(e). See M.R.A.P. 4(d). An untimely filed Motion for Reconsideration will not excuse an untimely filed Notice of Appeal, and clearly will not create or confer jurisdiction in this Court.
¶ 13. The procedure for appealing an order or judgment from the circuit court to this court is governed by the Mississippi Rules of Appellate Procedure.[3] Rule 4(a) states:
Appeal and Cross-Appeals in Civil and Criminal Cases. In a civil or criminal case in which an appeal or cross-appeal is permitted by law as of right from a trial court to the Supreme Court, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from....

M.R.A.P. Rule 4(a) (1996) (emphasis added). Thus, Byrd's time to file his Notice of Appeal began to run on November 16, 1996, the day after entry of the summary judgment and expired within thirty days thereafter. Byrd filed his Notice of Appeal on May 23, 1997, approximately six months beyond the deadline for filing such notice. As stated above, the failure of a party to receive notice that a judgment or ruling had been entered is no excuse for a party's failure to timely file a Notice of Appeal. In the Matter of Estate of Ware, 573 So.2d 773, 775 (Miss.1990) our supreme court stated:
If the motion is not filed until the extension period has begun to run, the burden rests on the appellant to show the failure to file a timely notice was a result of "excusable neglect." Mere failure to learn of entry of the judgment is generally not a ground for showing excusable neglect. Counsel in a case taken under advisement has a duty to check the docket regularly. But see City of Gulfport v. Saxon [Saxton], 437 So.2d 1215, 1217 (Miss.1983) (when trial court sits as an appellate court, parties may reasonably expect notification from the court or clerk when a ruling is made). Filing a notice is a simple act, and a party must do all it could reasonably be expected to do to perfect the appeal in a timely fashion. Counsel's failure to read published rules of court and counsel's reliance on mistaken legal advice from a trial court clerk will not show excusable neglect.
Id. at 775 (citations omitted). Byrd cites no excuse for his delay in discovering the entry of the summary judgment order, nor for his failure to timely file his Notice of Appeal.
¶ 14. The logic behind strict enforcement of our appellate rules is aptly articulated in Tandy Electronics, Inc. v. Fletcher, 554 So.2d 308, 310-11 (Miss.1989) which states:
Strict enforcement has the virtue of treating alike all persons similarly situated. We perceive no circumstances involving potential appellants from adverse judgments in civil actions which would compel a unique or flexible treatment. All are entitled to a reasonable time within which to perfect an appeal, and thirty days is certainly a reasonable time within which to do something which could not possibly take longer than fifteen minutes at the maximum. Moreover, strict enforcement will eliminate sub rosa grounds for decision making. Relaxed enforcement inevitably leads to motions to docket and dismiss being decided on grounds other than whether the appellant has given notice of appeal within a reasonable time following entry of judgment in the trial court.
We regard convergence of declared rule and official conduct a virtue in a legal system. We have declared in the rules noted above that appeals not perfected within thirty days will be dismissed, period. We have declared that the rule will be enforced. See Landrum v. Bailey, 475 So.2d 140, 141 (Miss.1985). See also Telford v. Aloway, 530 So.2d 179, 180-81 (Miss.1988); and Clark v. City of Pascagoula, 473 So.2d 477, 478 (Miss.1985). Litigants *170 are entitled to expect that we will do what we say. Otherwise our actions become arbitrary and officially so, and, more importantly, in this world where perception is reality to so many we open ourselves to the public perception of arbitrariness and caprice in the administration of appellate justice. If the word gets out that we have not the stomach to enforce the rule we have declared, this is but an invitation to further sattelite (sic) litigation of the sort we should discourage, litigation that is unnecessary and costly to all concerned, including the courts.
...
In this view the best thing to do is draw the line where we have drawn it  at thirty days  and stick with it.
In the case sub judice, Byrd delayed in filing his Notice of Appeal for 189 days from the entry of the trial court's order granting summary judgment and offers no excuse for doing so other than the fact that he failed to receive timely notice of the trial court's judgment. Therefore, this Court has no jurisdiction to hear this case, and Byrd's appeal should be dismissed pursuant to Rule 2 of the Mississippi Rules of Appellate Procedure.

CONCLUSION
¶ 15. It is noteworthy that M.R.A.P. 4(g) provides a potential remedy for appellants who, for whatever reason, do not timely file their notice of appeal because Rule 4(g) empowers the trial court to extend the time to appeal from the trial court's ruling upon a showing of excusable neglect. Rule 4(g) states:
(g) Extensions. The trial court may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time otherwise prescribed by this rule. Any such motion which is filed before expiration of the prescribed time may be granted for good cause and may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to other parties, and the motion shall be granted only upon a showing of excusable neglect. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.
M.R.A.P. 4(g). However, by March, when Byrd learned of the entry of summary judgment his options under this remedy were unavailable. Byrd's efforts to get his appeal "on track" by filing an untimely Motion for Reconsideration without asking leave of the court were futile. Thus, his later Notice of Appeal was also filed out of time and was fatally defective.
¶ 16. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
BRIDGES, C.J., McMILLIN, P.J., and COLEMAN, DIAZ, HINKEBEIN, KING and SOUTHWICK, JJ., concur.
THOMAS, P.J., and PAYNE, J., not participating.
NOTES
[1] We wish to clarify that Biloxi Regional Medical Center's attempted generosity, as admirable as it may be, was a nullity whether Byrd took advantage of it or not. Jurisdiction cannot be conferred by the consent of the parties because the timely filing of a notice of appeal is a jurisdictional prerequisite.
[2] The subject of Rule 5 is Interlocutory Appeals and is therefore not relevant to this discussion.
[3] This matter is governed by the Mississippi Rules of Appellate Procedure adopted to govern matters filed on or after January 1, 1995. These Rules were amended effective on and after July 1, 1997.