LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On October 22, 2002, the Board of Trustees of the Public Employees’ Retirement System (PERS) denied Voncile Odom’s application for disability benefits. On December 12, 2002, in the Hinds County Circuit Court, Odom filed her notice of appeal along with a motion to extend time to file her notice of appeal. PERS subsequently filed a response to Odom’s motion for extension of time. The trial judge entered an order on January 3, 2003, denying Odom’s motion to extend time to file a notice of appeal. Odom then filed a motion to reconsider. A hearing was held on the matter on May 12, 2003, and, on May 21, 2003, the trial judge again denied Odom’s motion.
¶ 2. On August 1, 2003, Odom filed a motion to reopen time to appeal pursuant to Rule 4(h) of the Mississippi Rules of Appellate Procedure on the basis that she was not informed of the denial of her motion for reconsideration. On September 5, 2003, the trial judge entered an order allowing time to appeal to this Court for a period of fourteen days. Subse *798 quently, Odom filed her appeal to this Court, asserting the following:
I. The Circuit Court erred in not exercising its discretion in determining whether or not the appellant had shown excusable neglect such as to allow the Circuit Court to Extend the Time to file her appeal from a denial of disability benefits by the Public Employees’ Retirement System since PERS Rules of Procedure and Practice allow the Circuit Court to extend the time to appeal.
DISCUSSION
I. DID THE TRIAL JUDGE ABUSE HIS DISCRETION IN DENYING ODOM’S MOTION FOR AN EXTENSION OF TIME TO APPEAL?
¶ 3. In her only issue, Odom argues that the trial judge erred in not considering whether excusable neglect existed so as to allow her an extension to file her appeal. Specifically, Odom states that the trial judge had the authority to extend the time to appeal but rather the trial judge automatically denied her motion and failed to consider whether excusable neglect existed pursuant to Mississippi Rules of Appellate Procedure 4(g).
¶ 4. In determining whether a trial judge erred in failing to grant a motion for an extension of time, the proper standard of review is abuse of discretion. Matter of Estate of Ware, 573 So.2d 773, 776 (Miss.1990). According to Mississippi Rules of Appellate Procedure 4(g), a trial court may, in its discretion, extend the time for filing a notice of appeal upon a showing of excusable neglect.
¶ 5. Although Odom claims that the trial judge never considered whether excusable neglect existed, that issue, among others, was discussed at the May 12, 2003, hearing on the matter. At the end of the hearing the trial judge stated that he would examine the case and consider the evidence on the pertinent issues before ruling. In his ruling the trial judge stated simply that “having considered Appellant’s motion, Ap-pellee’s [rjesponse, and oral arguments, is of the opinion that the motion is not well-taken and should be denied.” Under these facts, we decline to find that the trial judge abused his discretion in failing to specifically delineate his reasons for denying the motion. The parties were aware of the issues the trial judge was ruling on as they had previously argued the issues before the trial judge. Finding no merit to this issue, we affirm.
¶ 6. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.