# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-00393-COA

WILLIAM C. RODWELL                                                      APPELLANT

v.

MICHAEL CHRISMAN                                                         APPELLEE

DATE OF JUDGMENT:            09/12/2012
TRIAL JUDGE:                 HON. LISA P. DODSON
COURT FROM WHICH APPEALED:   HARRISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      ERIC D. WOOTEN
ATTORNEY FOR APPELLEE:       STEPHEN WALKER BURROW
NATURE OF THE CASE:          CIVIL - REAL PROPERTY
TRIAL COURT DISPOSITION:     GRANTED SUMMARY JUDGMENT IN
                             FAVOR OF THE PLAINTIFF/APPELLEE
DISPOSITION:                 APPEAL DISMISSED - 10/21/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., BARNES  AND CARLTON, JJ.

### CARLTON, J., FOR THE COURT:

¶1.     The Harrison County Circuit Court granted Michael Chrisman's motion for summary judgment in an action involving a foreclosure sale and default on the payment of promissory notes.  William Rodwell argues that the circuit court erred in granting summary judgment and also erred in denying Rodwell's motion for reconsideration. We dismiss for lack of jurisdiction due to Rodwell's failure to file a timely notice of appeal.[1]

### FACTS

¶2.     Mike Chrisman, William Rodwell, and Charles Tomasello formed CAL Investments

---

[1] *See* M.R.A.P. 4; *see also* M.R.C.P. 6(a).

LLC on February 2, 1998. The members of CAL formed several other related companies over the following two years before they terminated the business relationships through a purchase-and-sale agreement (PSA) dated January 20, 2000. Chrisman sold his ownership interest in CAL Investments to Rodwell and Tomasello. Rodwell and Tomasello paid Chrisman $60,000 in cash and also executed a promissory note for $273,622, requiring monthly payments for ten years, with a final balloon payment due January 21, 2010. In May 2008, Rodwell and Tomasello defaulted on the note, owing a balance of $156,864.57. On April 8, 2008, Rodwell and Tomasello, on behalf of CAL Investments, executed a second note to Chrisman for $50,000. As security for the promissory notes, on May 6, 2008, CAL Investment executed guarantees to Chrisman for all liabilities and other indebtedness of CAL Investments. As further security for the promissory notes, CAL Investments granted Chrisman a deed of trust in certain real property located in Gulfport, Mississippi.

¶3. CAL, Rodwell, and Tomasello defaulted on their payments to Chrisman. On March 24, 2010, Chrisman sent a demand letter to CAL Investments, stating that they were in default on their payments and that if full payment of the amount due was not received by April 24, 2010, Christman would foreclose on the real property.

¶4. On August 24, 2010, after posting and publication of the Notice for Sale, the Trustee foreclosed on the subject real property. Chrisman offered the highest bid at the foreclosure, obtaining the real property for $8,000. On February 4, 2011, Chrisman then filed suit for the remainder of the money owed him, as well as attorneys' fees and costs.

¶5. On April 26, 2011, Chrisman filed his first amended complaint. Between June 10, 2011, and July 25, 2011, Chrisman filed his application for entries of default against

2

Rodwell, CAL, and Tomasello. The circuit clerk filed its entry of default on all three defendants.

¶6. On July 25, 2011, Eric Wooten, counsel for Rodwell and Tomasello, contacted Chrisman to inform him that, after receiving Chrisman's complaint, he informed Rodwell and Tomasello of a potential conflict of interest, and that he would be unable to represent them in the matter. Wooten assumed that Rodwell and Tomasello would contact their other counsel to represent them, but Rodwell and Tomasello failed to understand Wooten's instructions on the matter, and never retained different counsel. Upon hearing of the misunderstanding, Chrisman agreed to waive the conflict of interest and allow Wooten to represent Rodwell and Tomasello, but refused to withdraw his motions for default.

¶7. On July 29, 2011, CAL, Rodwell, and Tomasello objected to Chrisman's motion for default and disputed the trial court's subject-matter jurisdiction to hear Chrisman's claims. CAL, Rodwell, and Tomasello also filed a motion to transfer the case to chancery court. After filing the motion, CAL, Rodwell, and Tomasello assert that counsel for both parties discussed Chrisman's failure to have the property appraised prior to the foreclosure of the deed of trust. On March 1, 2012, Chrisman filed a notice of hearing on the motion for default and on March 9, 2012, Chrisman filed a supplemental motion for a default judgment, or in the alternative, summary judgment. CAL, Rodwell, and Tomasello filed a motion objecting to Chrisman's motion for summary judgment.

¶8. On April 20, 2012, the circuit court heard arguments on the following: (1) Chrisman's supplemental motion for a default judgment, or in the alternative, summary judgment; and

(2) CAL, Rodwell, and Tomasello's motion to set aside default and motion for discovery.[2] The circuit court granted partial summary judgment in favor of Chrisman, but found genuine issues of material fact to exist, including: the value of real property at issue at the date of the foreclosure; the manner in which Chrisman determined the price paid for the subject real property at the foreclosure sale; and the total amount of indebtedness owed to Chrisman by CAL, Tomasello, and Rodwell. The circuit court also granted CAL, Tomasello, and Rodwell's request for discovery, and allowed both parties to conduct discovery limited to the remaining issues.

¶9.     On May 2, 2012, Wooten informed Chrisman of CAL and Tomasello's decision not to pursue their defenses in the action, and attached a proposed consent judgment.

¶10.     On May 22, 2012, Rodwell filed a motion for a protective order, requesting the circuit to restrict the discovery Chrisman propounded upon Rodwell to the three areas of limited discovery allowed by the circuit court. Chrisman then filed a motion to compel Rodwell to fully and completely answer requests for admissions, or in the alternative, deem certain requests admitted.

¶11.     On May 28, 2012, the trial court entered an order setting aside the clerk's entries of default against CAL, Rodwell, and Tomasello. However, the circuit court held that it indeed possessed jurisdiction over the matter, since Chrisman's claims originated on two promissory notes for damages, which are "at law" claims and "do not sound exclusively in equity."

¶12.     On June 28, 2012, Rodwell filed a motion to compel responses to discovery and for

_____

[2] CAL, Rodwell, and Tomasello specifically requested that the circuit court grant them time to conduct discovery.

4

a continuance, requesting the circuit court to order Chrisman to fully respond to the interrogatories and document requests propounded on him by Rodwell and to continue the trial, which the circuit court set for September 10, 2012.

¶13.    On July 2, 2012, Chrisman filed a second motion for summary judgment, requesting the circuit court to grant summary judgment in favor of Chrisman for the balance due under the promissory notes after giving Rodwell credit for the value placed on the foreclosed real property by Rodwell's appraiser.

¶14.    The trial court granted Chrisman's second motion for summary judgment, finding that under Mississippi law, no obligation existed for Chrisman to determine the value of the real property prior to the foreclosure sale.  The circuit court further held that Mississippi law only required Chrisman to give Rodwell credit for the fair value of the property against the balance due under their promissory notes, which Chrisman did through the reduced demand for judgment in his second motion for summary judgment.  The circuit court found whether the sales price at the foreclosure was lower than the property's fair value to be irrelevant, and ordered that Rodwell pay Chrisman $308,880.85, with post-judgment interest at the rate of seven percent per annum on the principal sums owed on each note from July 30, 2012, until paid in full, attorney's fees of $64,720.21, and costs and expenses of $784.64.  The circuit court denied Rodwell's motion for a protective order and motion to compel, and Chrisman's motion to compel, finding these motions to be moot.  On September 13, 2012, the circuit court entered its final order and judgment.  On October 15, 2012, the trial court entered a consent, final judgment against CAL and Tomasello.

¶15.    Rodwell filed a motion to reconsider, asserting that certain factual findings in the

order and judgment failed to accurately reflect the record. On January 28, 2013, the trial court denied Rodwell's motion for reconsideration of the September 13, 2012 order and judgment, as well as the final judgment entered that same day. The trial court's order denying the motion for reconsideration was dated and filed January 28, 2013.

¶16. On February 28, 2013, Rodwell filed a notice of appeal from the trial court's denial of his motion for reconsideration. The notice of appeal was dated and filed February 28, 2013. This appeal followed. On March 20, 2013, Chrisman filed a motion to docket and dismiss Rodwell's appeal as untimely filed, asserting that Rodwell filed his notice of appeal thirty-one days after the trial court's denial of Rodwell's post-trial motion. That motion was denied by the Mississippi Supreme Court in an order dated April 24, 2013, and the appeal was subsequently assigned to this Court.

¶17. On appeal, Rodwell asserts several issues before this Court for review: (1) whether the trial court erred in granting Chrisman's motion for summary judgment, and in finding there were no material facts in dispute and that Chrisman was entitled to summary judgment; (2) whether the trial court erred in finding that it possessed jurisdiction to hear Chrisman's claim; (3) whether the trial court erred by denying Rodwell's Mississippi Rule of Civil Procedure 56(f) motion for additional time to conduct discovery; (4) whether the trial court erred by refusing to compel Chrisman to respond to Rodwell's discovery requests; (5) whether the trial court erred by not allowing a jury to decide whether Chrisman was entitled to a deficiency judgment against Rodwell in equity; (6) whether the trial court erred in finding Chrisman conducted the foreclosure at issue in a commercially reasonable manner; (7) whether the trial court erred in denying Rodwell's motion for reconsideration and ruling

6

on the merits of three motions it denied ore tenus as moot; and (8) alternatively, if Chrisman is entitled to a deficiency judgment against Rodwell, which is denied, whether the trial court erred in its calculation of the amount due Chrisman and its calculation of attorneys' fees.

¶18. We find dispositive that Rodwell filed his notice of appeal untimely, and therefore we decline to address the remaining assignments of error raised.

## DISCUSSION

¶19. With respect to the notice of appeal, we must first address whether this Court possesses jurisdiction to hear Rodwell's appeal. Chrisman argues that Rodwell filed his notice of appeal thirty-one days after the trial court's denial of Rodwell's motion for reconsideration. The record reflects that on January 28, 2013, the trial court denied Rodwell's motion for reconsideration. On February 28, 2013, Rodwell then filed a notice of appeal from the trial court's January 28, 2012 denial of Rodwell's motion to reconsider the trial court's previous September 13, 2012 order and judgment, as well as the final judgment entered that same day. Our review of the record reflects Rodwell indeed filed his notice of appeal thirty-one days after the trial court denied his motion for reconsideration, and therefore, Rodwell filed an untimely notice of appeal.

¶20. Mississippi Rule of Appellate Procedure 4 states that a notice of appeal is to be filed within thirty days of the judgment or from the denial of certain post-trial motions. M.R.A.P. 4(a)(d) & (e).[3] Generally, an appeal shall be dismissed unless the notice of appeal is timely

---

[3] *See also* M.R.C.P. 6(a).

7

filed pursuant to Rule 4 or 5.[4]  M.R.A.P. 2(a)(1).  *See Hunt v. State*, 11 So. 3d 764, 766 (¶5)

(Miss. Ct. App. 2009).

¶21.    As a result, this Court possesses no jurisdiction to hear the instant appeal, and

Rodwell's appeal should be dismissed pursuant to Rule 2 of the Mississippi Rules of

Appellate Procedure.  *See Byrd v. Biloxi Reg'l Med. Ctr.*, 722 So. 2d 166, 170 (¶14) (Miss.

Ct. App. 1998).  We find that the issue of jurisdiction is dispositive; hence, this Court will

not address the remaining assignments of error raised herein.  *See Edmond v. State*, 991 So.

2d 588, 590 (¶6) (Miss. 2008).

¶22.    **THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.  IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

---

[4] Per Mississippi Rule of Appellate Procedure 4, after the trial court denied his motion for reconsideration on January 28, 2013, Rodwell possessed thirty days to appeal the circuit court's decision. M.R.A.P. 4(a). Since Rodwell filed his notice of appeal on February 28, 2013, he filed the notice outside the thirty-day time limit set forth in Rule 4(a).  Although Rodwell filed his notice of appeal one day outside of the thirty-day time limit, and we recognize that "[t]he time limits for perfecting an appeal are strictly enforced, and filing the notice even one day late requires dismissal of the action." *Redmond v. Miss. Dep't of Corr.*, 910 So. 2d 1211, 1212 (¶4) (Miss. Ct. App. 2005) (citing *Tandy Elecs. Inc. v. Fletcher*, 554 So. 2d 308, 310-11 (Miss. 1989)).  The record contains no motion by Rodwell requesting an extension of time to file the appeal or an order granting an extension of time to file the appeal after the trial court's dismissal of Rodwell's motion to reconsider.  Consequently, Rodwell filed an untimely appeal.  *See Penn v. State*, 909 So. 2d 135, 136 (¶6) (Miss. Ct. App. 2005).