# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01048-COA

**SHOWANDA PALMER, ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES AND ESTATE OF NATHANIEL MOORE**

                                                                    **APPELLANT**

**v.**

**CLARK CLINIC, INC., SCOTT REGIONAL MEDICAL CENTER, INC. AND DR. GEORGIOS ZIAKAS**

                                                                    **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/30/2017 |
| TRIAL JUDGE: | HON. CHRISTOPHER A. COLLINS |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DAVID NEIL MCCARTY |
| | GREGORY JOHN BOSSELER |
| ATTORNEYS FOR APPELLEES: | MILDRED M. MORRIS |
| | WILLIAM T. MAY |
| | KACEY GUY BAILEY |
| | TIMOTHY LEE SENSING |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 12/04/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., GREENLEE AND TINDELL, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.    In this appeal, we are tasked with deciding whether the Scott County Circuit Court abused its discretion in denying Showanda Palmer's motion for an extension of time to file her notice of appeal. After a thorough consideration of the facts, we find no abuse of discretion. Therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    Palmer filed a medical malpractice suit as the executrix of the estate of her deceased

father, Nathaniel Moore, against defendants Dr. Georgios Ziakas, Scott Regional Medical Center Inc., and Clark Clinic Inc.[1] She alleged that the medical providers were negligent in the care of her father.

¶3. On January 3, 2017, the circuit court, finding that the statute of limitations had run, dismissed Palmer's suit. On January 13, 2017, Palmer filed a Rule 59 motion to amend the judgment, which the circuit court denied on April 11, 2017. Neither side contests that the deadline to file the notice of appeal was May 11, 2017.

¶4. According to Palmer, her counsel unexpectedly left his firm without filing the notice of appeal in her case. On May 17, 2017, six days after the limitations period had expired, another attorney, in her previous counsel's firm, filed a motion for an extension of time to file a notice of appeal pursuant to Rule 4(g) of the Mississippi Rules of Appellate Procedure.[2] On June 5, 2017, as an alternative to the Rule 4(g) motion, her new counsel filed a second motion—a motion to reopen time to appeal—under Rule 4(h) of the Mississippi Rules of

---

[1] Palmer also brought suit against Dr. Lepercival Griffin and Rush Health Systems, Inc., but those defendants were dismissed from the suit.

[2] Rule 4(g) provides:

The trial court may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time otherwise prescribed by this rule. Any such motion which is filed before expiration of the prescribed time may be granted for good cause and may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to other parties, and the motion shall be granted only upon a showing of excusable neglect. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

Appellate Procedure.[3]  On June 30, 2017, the circuit court denied both motions.  It is from these two judgments that Palmer now appeals.[4]

## DISCUSSION

¶5.     Excusable-neglect determinations are reviewed with a bifurcated standard.  *Nunnery v. Nunnery*, 195 So. 3d 747, 751 (¶12) (Miss. 2016).  Abuse of discretion is applied to "findings of fact concerning the existence or lack of good cause or excusable neglect."  *Id.* (citing *Long v. Mem'l Hosp. at Gulfport*, 969 So. 2d 35, 38 (¶5) (Miss. 2007)).  Abuse of discretion means that the court has a "limited right to be wrong."  *Burkett v. Burkett*, 537 So. 2d 443, 446 (Miss. 1989).  A reversal of the circuit court's factual determination will *only* occur if the determination is not supported by substantial evidence.  *Nunnery*, 195 So. 3d at 751 (¶12).  However, this Court will conduct a de novo review if the circuit court's determination involves the interpretation of legal principles.  *Id.*

¶6.     In the instant case, the proper standard of review is abuse of discretion.  Therefore, if the circuit court's findings are supported by substantial evidence, we must affirm.

---

[3] Rule 4(h) provides:

> The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

[4] Neither of Palmer's attorneys on appeal was her trial attorney.  However,  Mr. Bosseler entered his appearance on the same date that the Rule 4(g) motion was filed.

DISCUSSION

¶7.     "[A] trial court may, in its discretion, extend the time for filing a notice of appeal upon a showing of excusable neglect." *Odom v. Pub. Emps. Ret. Sys. of Miss.*, 906 So. 2d 797, 798 (¶4) (Miss. Ct. App. 2004). As noted, a notice of appeal "shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." M.R.A.P. 4(a). "The trial court *may* extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time. . . ." M.R.A.P. 4(g) (emphasis added). "[T]he motion shall be granted *only* upon a showing of excusable neglect." *Id.* (emphasis added).

¶8.     We now turn to *Nunnery v. Nunnery* to determine if the circuit court's decision was supported by substantial evidence. In *Nunnery*, the Mississippi Supreme Court addressed the excusable-neglect standard in some detail, which provides guidance for its application. *Nunnery*, 195 So. 3d at 752 (¶15). "An excusable-neglect determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* (internal quotation mark omitted). The excusable-neglect factors to be considered are:

> (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

*Id.* (alterations and internal quotation marks omitted) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

4

¶9.     In the current case, Palmer maintains that the circuit court erred in denying her motion for an extension of time to file her notice of appeal because the court made no "reference to equity and no reference to the four factors [discussed in] *Nunnery*[.]"  She argues that her failure to timely file a notice to appeal was due to excusable neglect.

¶10.    We reject Palmer's argument that the circuit court was required to address the *Nunnery* factors in its judgment.  The circuit court is not required to delineate in detail the reasons for denying the motion.  This Court has previously held that the circuit court does not abuse its discretion when it fails to specifically delineate its reasons for denying an applicant's motion to extend time to file a notice of appeal.  *Odom*, 906 So. 2d at 798.  For example, in *Odom*, "[t]he parties were aware of the issues the trial judge was ruling on as they had previously argued the issues before the trial judge."  *Id.*  This Court found no merit to the issue of delineating its reasons for denial.  *Id.*

¶11.    In the instant case, the parties knew of the argued issues, and the circuit court denied the motion after having "considered the Plaintiff's [m]otion and submissions and the responses thereto[.]"  Palmer claims that the circuit court did not reference *Nunnery* in its decision, but neither *Nunnery* nor *Odom* requires a trial court to delineate its reasons for denying a motion for extension of time.  We find this issue without merit.

¶12.    In *Nunnery*, the Mississippi Supreme Court did not find excusable neglect after considering all aspects of the case.  The supreme court noted that equity helps those who are vigilant, but it does not help those who sleep on their rights.  *Nunnery*, 195 So. 3d at 753.

5

Specifically, the appellant's attorney failed to timely appeal due to the impending death of his brother. *Id.* at 749. The attorney learned of his brother's impending death twenty-one days into the thirty-day deadline to appeal. *Id.* He also slept on his rights for fifteen months when he failed to request a hearing on his motion for a new trial. *Id.* at 753.

¶13. First, Palmer argues that the defendants have suffered no prejudice because they have "never claimed anything more than a generic opposition to having to deal with the appeal." We note that the defendants claimed as an affirmative defense that the statute of limitations had run on the underlying medical-malpractice suit. Based on the facts as pleaded, we cannot say that such defense is clearly without merit. Moreover, there exists a risk that evidence and witnesses may not be available. *See Miss. Dep't of Pub. Safety v. Stringer*, 748 So. 2d 662, 665 (¶13) (Miss. 1999) (noting that the statutory-time-limitation statutes were designed to suppress stale claims).

¶14. Palmer also argues that the length of the delay was minimal. She claimed her motion was only six days late, and noted "[t]he minor delay had no potential impact on judicial proceedings." We agree that the length of delay is minimal, but we cannot agree that judicial proceedings will not be impacted. In this regard, we point out that the underlying medical-malpractice claim is over four years old. Memories fade, and facts become incapable of being produced. *Id.*

¶15. Palmer further argues that the reason for the delay was out of her control. She points out that the delay occurred because her previous counsel quit his firm twenty-eight days into

6

the thirty-day deadline for executing the appeal, that counsel's exit was "wholly unexpected," and that he failed to notify the firm's leadership of the pending deadlines in her case.

¶16.    As noted, in *Nunnery*, the attorney failed to meet his deadline because of the impending death of his brother.  The attorney was a solo practitioner whose legal secretary was his wife, and when tragedy struck, he was unable to delegate duties to another.

¶17.    In the instant case, Palmer's counsel was part of a large firm, and it remains unexplained why the task was not delegated to another in order to avoid the delay. Furthermore, it remains unexplained why her previous counsel did not file for an extension during the twenty-eight days that he remained with the firm following the dismissal of Palmer's complaint.  *See Almasri v. Hyde-Smith*, 2017-CA-00163-COA, 2018 WL 2929810 at (¶19) (Miss. Ct. App. June 12, 2018) (finding no excusable neglect; the appellant did not offer evidence to show why he was unable to file within the thirty-day period following judgment).  Filing a motion is a simple act.  *Byrd v. Biloxi Reg'l Med. Ctr*., 722 So. 2d 166, 169 (¶13) (Miss. Ct. App. 1998).  "[A] party must do all it could reasonably be expected to do to perfect the appeal in a timely fashion."  *Id.*

¶18.    Finally, Palmer argues that she acted in good faith because her new counsel entered his appearance on the same day the delay was discovered.  We agree, but it remains unexplained why the simple act of filing the motion was not delegated to another attorney sooner, in order to avoid such a misfortunate delay.  The firm handling Palmer's case certainly had the resources available to it as it is a large firm.

¶19.    For the reasons discussed, and based on our supreme court's holding in *Nunnery*, we

can find no abuse of discretion on the part of the circuit court in denying Palmer's motion for an extension of time to file her appeal. Therefore, the judgment appealed from is

**AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, GREENLEE AND TINDELL, JJ., CONCUR. WILSON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. FAIR, J., NOT PARTICIPATING.**