# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-00788-COA

**OMAR ALI RAHMAN**                                                                  **APPELLANT**

**v.**

**JOHN JOSEPH LYONS**                                                                    **APPELLEE**

DATE OF JUDGMENT:                    04/29/2020
TRIAL JUDGE:                               HON. CYNTHIA L. BREWER
COURT FROM WHICH APPEALED:    MADISON COUNTY CHANCERY COURT
ATTORNEYS FOR APPELLANT:         MICHAEL J. MALOUF
                                               ROBERT EUGENE JONES II
ATTORNEY FOR APPELLEE:             RICHARD COLEMAN WILLIAMS
NATURE OF THE CASE:                  CIVIL - DOMESTIC RELATIONS
DISPOSITION:                             AFFIRMED IN PART; APPEAL DISMISSED
                                               IN PART - 08/03/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., WESTBROOKS AND EMFINGER, JJ.

### EMFINGER, J., FOR THE COURT:

¶1.    On March 27, 2018, the Chancery Court of Madison County entered an agreed final judgment of divorce wherein Omar Rahman and John Lyons were granted a divorce based upon irreconcilable differences.  A property settlement agreement that resolved the division of marital property and all financial obligations was attached as an exhibit to the agreed final judgment of divorce and incorporated therein.  Rahman filed a petition to set aside the agreed final judgment on August 16, 2018, and an amended petition to set aside the agreed final judgment on April 9, 2019.  Shortly thereafter on April 26, 2019, Lyons filed a petition for contempt alleging Rahman's non-compliance with the property settlement agreement.  After

an evidentiary hearing on July 22, 2019, Rahman's amended petition to set aside was denied by an order dated August 26, 2019. After a separate hearing on March 16, 2020, Lyons's petition for contempt was granted by an order dated April 29, 2020. On May 8, 2020, Rahman filed a motion to amend the order of contempt or, in the alternative, for a new trial. After a hearing on July 7, 2020, Rahman's motion was denied in a bench ruling and by an order entered on July 8, 2020. Rahman filed his notice of appeal on July 29, 2020, wherein he appealed all three orders, including: (1) the order denying his amended petition to set aside; (2) the order of contempt; and (3) the order denying his motion to amend or for a new trial. We affirm in part and dismiss the appeal in part.

## FACTS AND PROCEDURAL HISTORY

¶2. Rahman and Lyons, who were both Mississippi residents at the time, were lawfully married on October 25, 2013. On January 24, 2018, the parties filed a joint complaint for divorce in the Chancery Court of Madison County, Mississippi. Paragraph two of the complaint stated that "Omar Ali Rahman is an adult resident of Omaha Nebraska . . . ." Paragraph three of the complaint stated that "John Joseph Lyons has been a resident of the State of Mississippi for at least six (6) months next preceding the filing of this Complaint." Both Rahman and Lyons signed sworn affidavits as part of the joint complaint that stated in part "that the matters and facts set forth in the foregoing Joint Complaint for Divorce are true and correct as therein stated."

¶3. On March 27, 2018, an agreed final judgment of divorce based on irreconcilable differences was entered and included an attached property settlement agreement. The agreed

2

final judgment of divorce also stated that Lyons was a resident of Mississippi for at least six months before the filing of the joint complaint. Among other terms, the property settlement agreement divided the parties' personal property, obligated Rahman to pay alimony, and ordered him to maintain life insurance for himself, with Lyons named as the primary beneficiary.

¶4. Approximately four months following the agreed final judgment of divorce, Rahman filed a petition to set aside the agreed final judgment on August 16, 2018, wherein he alleged that he signed the judgment of divorce and property settlement agreement under duress, coercion, intimidation, and threats. He further alleged that the property settlement agreement was procedurally and substantively unconscionable. Seven months and twenty-four days following the filing of his original petition to set aside the agreed final judgment, Rahman filed an amended petition to set aside the agreed final judgment on April 9, 2019. In his amended petition, Rahman claimed that the judgment of divorce and property settlement agreement should be set aside for lack of subject matter jurisdiction over the parties' divorce proceedings.

¶5. On April 26, 2019, Lyons filed a petition for contempt and other relief, wherein he alleged that (1) Rahman refused to allow Lyons to take possession of property that he was awarded pursuant to the property settlement agreement; (2) Rahman refused to make any monthly alimony payments to Lyons pursuant to the property settlement agreement; and (3) Rahman failed to provide proof of life insurance listing Lyons as the beneficiary. Lyons requested that the chancery court find Rahman in contempt and that he be "imprisoned in the

3

Madison County Common Jail at Canton, Mississippi, for a period of time to be determined by the Court to purge himself of the contempt complained of herein . . . ." He further requested an award of attorney's fees and court costs. Rahman filed an answer and affirmative defenses on July 12, 2019.

¶6. On July 22, 2019, the chancery court held an evidentiary hearing on Rahman's amended petition to set aside the agreed final judgment of divorce. Rahman argued at the hearing that the Madison County Chancery Court lacked jurisdiction over the divorce proceedings because neither one of the parties were residents of Mississippi in the six months preceding the filing of the joint complaint for divorce, as required by statute. According to Rahman, both he and Lyons moved to Nebraska on July 21, 2017, and neither party returned to Mississippi thereafter for the purpose of establishing residency. Rahman also argued that he signed the agreed final judgment of divorce and property settlement agreement under duress, coercion, intimidation, and threats. At the conclusion of the hearing, the chancery court stated in part that "the Court finds that you have failed to meet the burden of proof, and the Judgment of Divorce shall remain as entered on the 27th day of March 2018." An order denying Rahman's amended petition to set aside the agreed final judgment of divorce was entered on August 26, 2019. Notably, Rahman failed to perfect an appeal of the chancery court's order denying his amended petition to set aside the agreed final judgment of divorce within the time prescribed by Rule 4 of the Mississippi Rules of Appellate Procedure. Ten months after the order was entered, Rahman included this ruling in his notice of appeal filed on July 29, 2020.

4

¶7.     On March 16, 2020, the chancery court conducted a hearing on Lyons's petition for contempt. Lyons was present at the hearing with his attorney and testified on his own behalf. Rahman's counsel was present, but Rahman did not attend the hearing. At the conclusion of the hearing, the chancery court found Rahman in contempt and issued an order for Rahman to be "picked up and placed into the Madison County Common Jail, at which time he shall remain until such time as he purge himself of his contempt and this judgment herein." The contempt order was entered on April 29, 2020.

¶8.     On May 8, 2020, Rahman filed a motion to amend the order or, alternatively, for a new trial. Lyons filed his response to Rahman's motion on May 17, 2020. The chancery court conducted a hearing on the motion to amend on July 7, 2020. After hearing argument from counsel, the chancery court held in part:

> Rule 59 is the basis that is argued for the relief by this movant. The Court finds that you have failed to meet the burden of proof as required under the very strict guidelines of the Mississippi Rules of Civil Procedure under Rule 59. The Court's order of the 29th day of April 2020, known as Document No. 25 stands. Your motion is denied.

The chancery court entered an order denying Rahman's motion to amend or, alternatively, for a new trial on July 8, 2020. On July 29, 2020, Rahman filed his notice of appeal of the following orders: (1) the order denying the amended petition to set aside the agreed final judgment of divorce, dated August 26, 2019; (2) the order of contempt, dated April 29, 2020; and (3) the order denying the motion to amend or, in the alternative, for new trial, dated July 8, 2020.

**STANDARD OF REVIEW**

5

¶9.  "In domestic-relation cases, our review is limited to whether the chancery court's findings were manifestly wrong or clearly erroneous, or the court applied the wrong legal standard." *Gwathney v. Gwathney*, 208 So. 3d 1087, 1088 (¶5) (Miss. Ct. App. 2017).  If there is substantial evidence in the record to support the chancellor's findings of fact, we will not disturb his decision.  *Id.*

**ANALYSIS**

¶10.  Rahman argues on appeal that the chancery court lacked subject matter jurisdiction over the parties' divorce proceeding and that, as a result, the agreed final judgment of divorce entered on March 27, 2018, is null and void; thus, he contends his amended petition to set aside was wrongfully denied.  Further, Rahman argues that because the agreed final judgment of divorce is null and void, so too is the order of contempt and the order denying his motion to amend the order of contempt.  More specifically, Rahman claims that the chancery court lacked subject matter jurisdiction because both he and Lyons were residents of Nebraska (not Mississippi) six months prior to filing the joint complaint for divorce.

¶11.  Rule 4(a) of the Mississippi Rules of Appellate Procedure states in part:

> [I]n a civil . . . case in which an appeal or cross-appeal is permitted by law as of right from a trial court to the Supreme Court, the notice of appeal required by Rule 3 **shall be filed** with the clerk of the trial court **within 30 days after the date of entry of the judgment or order appealed from**.

(Emphasis added).  The Mississippi Supreme Court elaborated on the importance of Rule 4 in *Tandy Electronics Inc. v. Fletcher*, 554 So. 2d 308 (Miss. 1989).  The supreme court stated:

> We have adopted a procedure that is simple . . . and allowed thirty days to

6

complete the procedure. The thirty day limit is surely one with which anyone can comply. We cannot imagine it taking more than fifteen minutes of an attorney's time to perform the preparation and mailing of a notice of appeal. . . . **The interests of certainty and avoiding official arbitrariness in decision-making suggest a hard-edged inflexible cutoff to end the reasonable time frame, as opposed to a loose or flexible standard**.

*Id*. at 310 (emphasis added). In *Pruett v. Malone*, 767 So. 2d 983, 985 (¶10-11) (Miss. 2000), the supreme court stated that "Rule 4(a) is a 'hard-edged, mandatory' rule which this Court 'strictly enforces.' . . . The rules of this Court are designed to give finality to a judgment at a point which it has defined as 30 days after a final, appealable order or judgment." (Quoting *Ivy v. Gen. Motors Acceptance Corp.*, 612 So. 2d 1108, 1116 (Miss. 1992)). This Court has defined a final, appealable judgment as one that "'adjudicates the merits of the controversy which settles all issues as to all the parties' and requires no further action by the lower court." *Walters v. Walters*, 956 So. 2d 1050, 1053 (¶8) (Miss. Ct. App. 2007) (quoting *Banks v. City Fin. Co.*, 825 So. 2d 642, 645 (¶9) (Miss. 2002), *overruled on other grounds by Sawyers v. Herrin Gear Chevrolet Co.* 26 So. 3d 1026, 1032 (¶15) (Miss. 2010)). More specifically, in *King v. King*, 556 So. 2d 716, 719 (Miss. 1990), the Mississippi Supreme Court considered an order denying a motion to set aside a divorce judgment as a final judgment for the purpose of appeal.

¶12. Further, Rule 2(a)(1) of the Mississippi Rules of Appellate Procedure provides for mandatory dismissal of an appeal when it is not timely filed, stating in part that "[a]n appeal **shall** be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5." In *Byrd v. Biloxi Regional Medical Center*, 722 So. 2d 166, 168 (¶9) (Miss. Ct. App. 1998), this Court was tasked with determining if Byrd's appeal should be dismissed because he failed

7

to timely file his notice of appeal consistent with the Mississippi Rules of Appellate Procedure. In its opinion, this Court noted that while Byrd did not address the issue of the untimely appeal in his brief and failed to file a reply brief, the issue would be addressed based upon the appellee's argument and the Court's own research. *Id*. at 167 (¶7). The Court stated, "If we find that Byrd's appeal was not filed in a timely manner, Rule 2 of our appellate rules **requires** that Byrd's appeal be dismissed." *Id*. (emphasis added). Ultimately, the Court held:

> In the case sub judice, Byrd delayed in filing his Notice of Appeal for 189 days from the entry of the trial court's order granting summary judgment . . . . Therefore, this Court has no jurisdiction to hear this case, and Byrd's appeal should be dismissed pursuant to Rule 2 of the Mississippi Rules of Appellate Procedure.

*Id*. at 170 (¶14).

¶13. In this case, the chancery court conducted an evidentiary hearing on Rahman's petition to set aside the agreed final judgment of divorce centering around his argument that the chancery court lacked subject matter jurisdiction over the divorce proceedings. After hearing all the testimony and considering the evidence presented, the chancery court entered an order denying Rahman's requested relief and held that Rahman failed to meet his required burden of proof. The chancery court's order adjudicated the entirety of the merits of the controversy set forth in Rahman's amended petition to set aside and settled all issues as to both parties, requiring no further action by the chancery court. In fact, when Lyons's counsel referred to his "counterclaim" for contempt and attempted to have that evidence heard as well, the chancery court judge clearly distinguished Rahman's amended petition to set aside and

8

Lyons's petition for contempt by stating:

> No, it's not styled as a counterclaim. It's styled as a Petition for Contempt that was filed some time after this matter was set. Your contempt matter was filed on the 26th day of April 2019, and this matter was set only for the presentation of this matter. So that's what I got.[1]

Rahman failed to file a notice of appeal within the time constraints prescribed by Rule 4 of the Mississippi Rules of Appellate Procedure. Rather, he filed his notice of appeal on this issue approximately ten months after the order denying his amended petition to set aside was entered. Pursuant to Rule 2, Rahman's appeal of this final order on his amended petition to set aside is dismissed.

¶14. The only argument that Rahman asserts on appeal challenging the remaining order of contempt and the order denying Rahman's motion to amend the order of contempt is that those orders are null and void as a result of the agreed final judgment of divorce being void for lack of jurisdiction. In *Abercrombie v. Abercrombie*, 282 So. 3d 763, 769 (¶22) (Miss. Ct. App. 2019), this Court held that Faith Abercrombie was barred from re-litigating the issue of subject matter jurisdiction because it had been decided in at least three prior final judgments entered by the court. We also explained in *Abercrombie* that "[o]nce a case is litigated to a final judgment, and no appeal is taken, a party who participated in the original litigation cannot collaterally attack the court's jurisdiction in a later proceeding." *Id*. at (¶23)

---

[1] The chancery court's assertion regarding the distinction between the pleadings before the court was previously addressed by the Mississippi Supreme Court in *Shavers v. Shavers*, 982 So. 2d 397, 402 (¶25) (Miss. 2008), wherein the Court stated, "Although contempt proceedings in divorce cases often are filed in the same cause number and proceed with the underlying divorce case, they are held to be **separate actions**, requiring new and special summons under Mississippi Rule[] of Civil Procedure 81." (Emphasis added).

(quoting *Burgess v. Williamson*, 270 So. 3d 1031, 1036 (¶17) (Miss. Ct. App. 2018)). Similarly, in this case, the chancery court conducted an evidentiary hearing on Rahman's amended petition to set aside based on allegations that the court lacked subject matter jurisdiction. At that hearing, the court heard testimony and considered the evidence that was presented asserting that Lyons was not a resident of Mississippi six months prior to the filing of the joint complaint for divorce. After the hearing, the chancery court denied Rahman's amended petition. The issue of subject matter jurisdiction was decided in the court's order filed on August 26, 2019, and the appeal is dismissed here as untimely filed. Accordingly, this assignment of error is without merit.

## CONCLUSION

¶15.    After review of the record, we find that Rahman's appeal from the order denying his amended petition to set aside the agreed judgment of divorce should be dismissed as untimely filed. Consequently, Rahman's arguments regarding the remaining order of contempt and motion to amend the order of contempt or for a new trial are without merit. Therefore, with respect to the chancery court's ruling on Rahman's amended petition to set aside, we dismiss the appeal of that ruling as a result of Rahman's untimely filing. Further, finding no error in the chancery court's rulings on Lyons' petition for contempt and Rahman's motion to amend the contempt judgment, we affirm.

¶16.    **AFFIRMED IN PART; APPEAL DISMISSED IN PART.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.**